MARY J. PETERSON, APPELLANT AND CROSS-APPELLEE, V.
PAUL R. PETERSON, APPELLEE AND CROSS-APPELLANT.
714 N.W.2d 793

Filed May 30, 2006.  No. A-04-893.

Van A. Schroeder, of Bertolini, Schroeder & Blount, for appellant.

Mark J. Milone, of Govier & Milone, L.L.P., for appellee.

INBODY, Chief Judge, and IRWIN and CASSEL, Judges.

INBODY, Chief Judge.

## INTRODUCTION

Mary J. Peterson appeals the decision of the district court for Sarpy County dissolving her marriage to Paul R. Peterson, and Paul has cross-appealed. For the reasons set forth herein, we dismiss both Mary's appeal and Paul's cross-appeal for lack of jurisdiction.

## STATEMENT OF FACTS

On August 28, 1993, Mary and Paul were married. No children were born of the marriage. On March 26, 2003, Mary filed a petition for dissolution, and a trial was held on April 12, 2004.

On May 3, 2004, a document titled "Opinion and Findings" was file stamped and filed by the clerk of the district court. This document was signed by the trial judge and set forth the following:

## JURISDICTION

The Court finds it has jurisdiction over the parties and subject matter of action and that there is sufficient evidence, and the Court finds the marriage is irretrievably broken and should be dissolved.

## INSURANCE
### Medical

The Respondent [Paul] shall maintain the Petitioner [Mary] insured during the interlocutory period, and shall, if requested by the Petitioner do all things necessary to allow the Petitioner to obtain COBRA benefits at her own expenses.

## REAL PROPERTY

The Petitioner and Respondent are owners of the following described real estate, to wit: 7533 South 22nd Street, Bellevue, Nebraska.

The above real estate is awarded to the Petitioner, subject to the mortgage or mortgages thereon and the Petitioner shall hold the Respondent harmless from the payment of the same.

## PERSONAL PROPERTY

The Petitioner and Respondent have each submitted to the Court exhibits regarding the division of the parties [sic] personal property. The Court having reviewed each exhibit finds the Respondent should be awarded the items as set out in Exhibit #1 attached hereto, along with any other personal property now in his possession[.]

Each party is awarded any checking or savings accounts in their respective names.

## AUTOMOBILES

Petitioner is awarded the 1994 Chevrolet Silverado truck, the Respondent is awarded the 1991 Chevrolet Caprice and the 1986 Ford Econoline Van, subject to any liens thereon.

## DEBTS

Petitioner and Respondent shall pay all debts in their own names.

## PENSION

Petitioner is awarded all interest in his 401K plan with National Bedding[.]

## ALIMONY

The Court having reviewed the evidence determines that due to the length of the marriage, need for the Petitioner to seek additional training, need for Petitioner to obtain employment, that she should be awarded alimony in the sum of $500.00 per month for a period of 60 months. The same to terminate upon the death of either party or remarriage of the Petitioner.

## ATTORNEY FEES AND COSTS

Petitioner is awarded the sum of $1500.00 for the services of her attorney in these actions, with the Respondent to pay the cost of the action.

## ARREARAGE

Any unpaid amounts of temporary support shall be preserved and shall not merge into the decree. The court finding the non-payment of spousal support to be wilful.

[Petitioner's counsel] to prepare a Decree in conformance with the Court's findings and submit the same to opposing Counsel for approval, then to the Court for signature.

IT IS SO ORDERED.

On the following day, May 4, the court entered an order nunc pro tunc, which stated:

An Opinion and Order having been issued by the Court on May 3, 2004, the Court finds that in said Opinion scribners [sic] errors have occurred and the following corrections are made.

## AUTOMOBILES

Respondent is awarded the 1994 Chevrolet Silverado truck, the Petiti[on]er is awarded the 1991 Chevrolet Caprice and the 1986 Ford Econoline Van, subject to any liens thereon.

## PENSION

Respondent is awarded all interest in his 401K plan with National Bedding[.]

IT IS SO ORDERED.

Thereafter, on May 28, 2004, a "Decree of Dissolution of Marriage" was filed. This document was also signed by the trial judge and file stamped, and it set forth essentially the same findings that were set forth in the previous "Opinion and Findings" as

amended by the May 4 order nunc pro tunc. On June 4, Mary filed a motion for new trial, which motion was denied on July 8. On August 3, Mary filed a notice of appeal. Paul has cross-appealed.

## ASSIGNMENTS OF ERROR

On appeal, Mary contends that the district court erred (1) in dividing the parties' marital property, specifically in finding that her house was a marital asset, in whole or in part; (2) in awarding inadequate alimony; (3) in awarding inadequate attorney fees; (4) in failing to disregard Paul's testimony regarding his expenses; and (5) in failing to implement coercive sanctions for contempt of court following a finding of willful failure to pay temporary spousal support.

On cross-appeal, Paul contends that the district court erred (1) in awarding alimony for an unreasonable length of time, (2) in finding that Paul's nonpayment of spousal support was willful, and (3) in awarding Mary attorney fees of $1,500.

## STANDARD OF REVIEW

In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. This standard of review applies to the trial court's determinations regarding division of property, alimony, and attorney fees. *Bauerle v. Bauerle*, 263 Neb. 881, 644 N.W.2d 128 (2002). In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue. *Carter v. Carter*, 261 Neb. 881, 626 N.W.2d 576 (2001).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Crawford v. Crawford*, 263 Neb. 37, 638 N.W.2d 505 (2002).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has

jurisdiction over the matter before it. *Hosack v. Hosack*, 267 Neb. 934, 678 N.W.2d 746 (2004); *Cerny v. Longley*, 266 Neb. 26, 661 N.W.2d 696 (2003).

Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2004) provides in pertinent part:

> (1) A judgment is the final determination of the rights of the parties in an action.

> (2) Rendition of a judgment is the act of the court, or a judge thereof, in making and signing a written notation of the relief granted or denied in an action.

> (3) The entry of a judgment, decree, or final order occurs when the clerk of the court places the file stamp and date upon the judgment, decree, or final order. For purposes of determining the time for appeal, the date stamped on the judgment, decree, or final order shall be the date of entry.

In the instant case, a document titled "Opinion and Findings" and signed by the judge was file stamped on May 3, 2004. Thereafter, a "Decree of Dissolution of Marriage," which was also signed by the judge, was file stamped on May 28, 2004. This raises an issue as to which filing is the final order in this case.

The Nebraska Supreme Court recently considered a nearly identical factual situation in *City of Ashland v. Ashland Salvage*, 271 Neb. 362, 711 N.W.2d 861 (2006). In that case, the City of Ashland brought a declaratory judgment action against appellants Ashland Salvage, Inc., and Arlo Remmen "seeking a declaration as to the existence and lawful boundaries of certain public rights-of-way claimed by the city and further seeking an injunction against appellants' improper use of the public rights-of-way." *Id.* at 363, 711 N.W.2d at 864.

Following a trial, in a file-stamped journal entry dated November 22, 2004, the district court ruled in favor of the City of Ashland in the declaratory judgment action, "declaring the boundaries of appellants' property and the existence of the city's public rights-of-way. Specifically, in its journal entry, the district court stated that 'a public right-of-way exists and its legal boundaries are as set forth in Exhibit 14.' " *Id.* at 365, 711 N.W.2d at 866. Further, in the journal entry, the district court " 'enjoined [appellants] from any use of [the disputed] property inconsistent with its use as a public right-of-way.' " *Id.* The journal entry also

"directed the city to prepare an 'injunction,' and an 'Order of Permanent Injunction' was subsequently filed on December 6." *Id.* at 365-66, 711 N.W.2d at 866. On November 30, the appellants filed their notice of appeal from the adverse ruling, and the Nebraska Supreme Court considered whether appellate jurisdiction existed in the case.

The Nebraska Supreme Court concluded:

> [T]he district court's file-stamped journal entry of November 22, 2004, found in favor of the city, declared the boundaries of the rights-of-way, and enjoined appellants from any use of the disputed property inconsistent with the city's rights-of-way. This ruling resolved all issues raised in the city's declaratory action. Although the November 22 journal entry also directed the city to prepare an injunction, the November 22 ruling nevertheless disposed of the whole merits of the case[.]

*Id.* at 367, 711 N.W.2d at 867. Since the November 22 journal entry disposed of all the claims, the appeal taken from the November 22 journal entry was timely.

Another case involving a similar factual situation is *Hosack v. Hosack,* 267 Neb. 934, 678 N.W.2d 746 (2004). In *Hosack,* the Nebraska Supreme Court was faced with the determination of which action by the district court finally determined the rights of the parties: the journal entry, signed by the district court judge and filed on October 15, 2002, or the decree, likewise signed and filed on November 14.

In considering whether the journal entry was a final order, the Supreme Court noted that the district court's journal entry set out the district court's findings regarding the property division, alimony, attorney fees, and health insurance coverage in the dissolution case. However, the journal entry also stated: " 'Counsel shall advise the court, by written motion, if the court failed to rule on any material issue presented. If no motion is filed within 10 days from the date of this order, all matters not specifically ruled upon are deemed denied.' " 267 Neb. at 936, 678 N.W.2d at 750.

The Supreme Court held that the trial court's journal entry was not a final determination of the parties' rights because the journal entry left certain matters unresolved, i.e., the notation directing

counsel to advise the district court by written motion if the court had failed to rule on a material issue. Thus, the dissolution decree was the final order, and the appeal in *Hosack* was timely.

We further note that the Supreme Court has specifically disapproved of the practice of a trial court's filing a journal entry which describes an order that is to be entered at a subsequent date.

> "The filing of both a journal entry and a subsequent order creates the potential for confusion. Instead, the trial court should notify the parties of its findings and intentions as to the matter before the court by an appropriate method of communication without filing a journal entry. The trial court may thereby direct the prevailing party to prepare an order subject to approval as to form by the opposing party. See commentary to Canon 3(B)(7) of the Nebraska Code of Judicial Conduct. Only the signed [judgment, decree, or] final order should be filed with the clerk of the court."

*City of Ashland v. Ashland Salvage*, 271 Neb. 362, 368, 711 N.W.2d 861, 868 (2006) (quoting *Hosack, supra*).

In the instant case, the "Opinion and Findings" document signed by the trial judge was file stamped on May 3, 2004. The document set forth the court's determination of the issues which had been presented to the court for resolution and left no matters unresolved. The content of the document, rather than the intention of the judge or any interpretation of a party, dictates whether the document constitutes "the final determination of the rights of the parties." See § 25-1301. See, also, *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986), and *Gutierrez v. Gutierrez*, 5 Neb. App. 205, 557 N.W.2d 44 (1996) (in interpreting decree, neither what parties thought judge meant, nor what judge thought he or she meant, is of any relevance after time for appeal has passed; what decree means as matter of law is determined from four corners of document). The language directing a party to prepare another document does not contradict the document's function as the final determination of the rights of the parties, just as the journal entry in *City of Ashland, supra*, directing the city to prepare an injunction did not alter the journal entry's status as a final, appealable order.

Furthermore, on May 4, 2004, the court entered an order nunc pro tunc, which modified the previously entered "Opinion and

Findings." A nunc pro tunc order operates to correct a clerical error or a scrivener's error, not to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even if such order was not the order intended. *State v. Wayt*, 13 Neb. App. 759, 701 N.W.2d 841 (2005). See *Walsh v. City of Omaha*, 11 Neb. App. 747, 660 N.W.2d 187 (2003). If the May 3 "Opinion and Findings" was not a final order, the subsequently entered order nunc pro tunc would not have been necessary to correct the clerical errors included in that order. The entry of the order nunc pro tunc, which, like the first order, did not contain any reference to an anticipated or potential later change in the substantive determinations of the court, reinforces the plain reading of the effect of the first order. Under Nebraska case law, the substantive determinations made by the court, rather than the format utilized to present the order, control the proper interpretation concerning the finality of the order.

Further, the dissolution decree filed on May 28, 2004, did not alter the determination of the issues as set out in the "Opinion and Findings" as amended by the nunc pro tunc order. Thus, the court's "Opinion and Findings," as amended by the nunc pro tunc order, was the final determination of the parties' rights in this action, and the parties had 30 days from May 3, 2004, from which to appeal. See Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2004).

█ Since Mary's notice of appeal was not filed until August 3, 2004, it was clearly filed out of time. Further, Mary's motion for new trial was filed on June 4, outside the 10-day time limit, and thus, this motion did not operate to toll the running of the appeal clock. An untimely motion for new trial is ineffectual, does not toll the time for perfection of an appeal, and does not extend or suspend the time limit for filing a notice of appeal. *Wanha v. Long*, 255 Neb. 849, 587 N.W.2d 531 (1998); *Manske v. Manske*, 246 Neb. 314, 518 N.W.2d 144 (1994).

## CONCLUSION

Having found that Mary's appeal and Paul's cross-appeal were filed outside the 30-day time limit for filing an appeal, we must dismiss this cause for lack of jurisdiction.

APPEAL DISMISSED.

IRWIN, Judge, dissenting.

I dissent from the majority's decision in this case, and I write separately to further address the majority's application of both the plain language of Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2004) and the holdings in *City of Ashland v. Ashland Salvage*, 271 Neb. 362, 711 N.W.2d 861 (2006), and *Hosack v. Hosack*, 267 Neb. 934, 678 N.W.2d 746 (2004), to the facts of the instant case. I would conclude that application of the plain language of § 25-1301 demonstrates that there is no jurisdictional defect in the instant case. Similarly, I would conclude that application of the holdings in *Ashland Salvage* and *Hosack* dictate a conclusion that there is no jurisdictional defect.

### 1. § 25-1301

It is fundamental that in construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Wester*, 269 Neb. 295, 691 N.W.2d 536 (2005). The majority quotes the relevant language of § 25-1301 but does not apply the statute's plain language. Section 25-1301(1) plainly indicates that only "the final determination of the rights of the parties in an action" can be considered a "judgment." Sections 25-1301(2) and (3) then provide how a "judgment" must be rendered and entered to be appealable. The majority focuses its attention on rendition and entry, but disregards the essential notion of § 25-1301(1) that there first be a *final* determination of the rights of the parties before there is a judgment to be either rendered or entered.

As the majority also quotes above, the May 3, 2004, document filed by the court specifically indicated that counsel was "to prepare a Decree in conformance with the Court's findings *and submit the same to opposing Counsel for approval, then to the Court for signature.*" (Emphasis supplied.) This language demonstrates that the May 3 document was not a final determination of the rights of the parties just as much as if the court had specifically stated the following: These findings are not the final determination of the rights of the parties and the final determination will be made only after counsel prepares a decree in

conformance with the findings, submits the same to opposing counsel for approval, and then to the court for rendition and entry. See *Hosack v. Hosack, supra* (journal entry directing party to prepare later decree and advise court if matters left unresolved was not final determination of rights). This is clear from the actions of everyone involved in this case. More than 3 weeks after the May 3 document was filed, counsel actually did present the trial court with a decree in conformance with the May 3 document's findings. Mary filed a motion for new trial from this later decree. On appeal to this court, neither party has asserted that the May 3 document was a "final determination" of anything.

Without a final determination of the rights of the parties, the May 3, 2004, document cannot be considered a "judgment" under the plain language of § 25-1301. The majority does not explain how the May 3 order—which the record demonstrates nobody intended, understood, or contemplated to be a final determination of rights—can be taken to be a final determination of the rights of the parties. The only way to reach such a result is to disregard the explicit language in the May 3 document which clearly indicates to the contrary. As a result, I would not sua sponte find a jurisdictional defect in this case, but I would find that the May 3 document was not a judgment within the meaning of § 25-1301(1) and that the appeal was timely.

## 2. *City of Ashland v. Ashland Salvage* and *Hosack v. Hosack*

Similarly, application of the holdings in *City of Ashland v. Ashland Salvage*, 271 Neb. 362, 711 N.W.2d 861 (2006), and *Hosack v. Hosack*, 267 Neb. 934, 678 N.W.2d 746 (2004), demonstrates that there is no jurisdictional defect in the present case. As the majority correctly notes, *Ashland Salvage* and *Hosack* involved similar factual situations to the facts presented in the instant case. Application of the Supreme Court's holdings in *Ashland Salvage* and *Hosack* should result in a similar resolution in the instant case.

In *Hosack*, the district court signed and filed a document which indicated that the court had " 'considered all matters properly before it' " and set forth the court's findings on all matters presented. 267 Neb. at 935, 678 N.W.2d at 750. One provision in the document was that counsel should " 'advise the court . . .

*if* the court failed to rule on any material issue presented.'" (Emphasis supplied.) *Id.* at 936, 678 N.W.2d at 750. Finally, the document specified that counsel was to " 'prepare the decree and provide it to [opposing counsel] for review [and then present it] to the Court for signature.'" *Id.* Counsel prepared a decree in conformance with the document, the court signed and filed the decree, and an appeal was taken.

This court ruled that the first document filed by the district court was intended to be a final determination and that the appeal was untimely. This court dismissed the appeal for lack of jurisdiction. On further review, the Supreme Court reversed that decision. The Supreme Court first focused on the plain language of § 25-1301(1) and focused on "which action by the district court finally determined the rights of the parties: the [first document] filed [by the district court] or the decree [prepared by counsel and then signed and] filed [by the court]." *Hosack v. Hosack*, 267 Neb. at 938-39, 678 N.W.2d at 752. The Supreme Court determined that the first document did not finally determine the rights of the parties because it directed the parties to advise the court if any material issues were not resolved and because it "contemplated that the decree was to be prepared" by counsel for opposing counsel's review and for later court signature and filing. *Id.* at 939, 678 N.W.2d at 752. Thus, the Supreme Court concluded that the first document "was not the final determination of the rights of the parties in [the] action." *Id.* at 939-40, 678 N.W.2d at 752. As such, the appeal from the actual decree, prepared in accordance with the directions of the first document filed by the court, was timely.

The similarities of the facts in *Hosack v. Hosack*, 267 Neb. 934, 678 N.W.2d 746 (2004), to the facts of the instant case are striking. In both cases, the district court filed a first document setting forth the court's findings on the material issues. In both cases, those findings did resolve all material issues; in *Hosack*, the court directed the parties to file a written motion if any material issues were not resolved, but there is no indication that any such unresolved issues existed. In both cases, the first document directed counsel to prepare a decree for review by opposing counsel and for rendition and entry by the court. In both cases, this direction was followed.

Finally, although the Supreme Court did specifically caution against a trial court's filing both the journal entry and the subsequent decree in these cases, the Supreme Court in no way suggested that if the trial court does file both documents, then the first one is somehow transformed into something it is not—a final determination of the rights of the parties. The decision in *Hosack* was released 4 days after the first document in the instant case was filed by the district court. The fact that the district court in the instant case failed to comply with the Supreme Court's caution does not change the fact that the first document filed by the court was not a final determination and was not a judgment that could be rendered and entered.

In *City of Ashland v. Ashland Salvage*, 271 Neb. 362, 711 N.W.2d 861 (2006), the district court file stamped a journal entry which ruled in favor of the City of Ashland, declared the boundaries of Ashland Salvage's property, and found the existence of public rights-of-way. The journal entry also directed the city to prepare an " 'injunction.' " *Id.* at 365, 711 N.W.2d at 866. A later " 'Order of Permanent Injunction' " was filed by the court. *Id.* at 366, 711 N.W.2d at 866. Nonetheless, the city filed a timely appeal from the journal entry, prior to the entry of the later order.

On appeal, the Supreme Court held that the appeal was timely, because "the district court's file-stamped journal entry . . . disposed of all claims and constituted a judgment for purposes of § 25-1301." *City of Ashland v. Ashland Salvage*, 271 Neb. at 368, 711 N.W.2d at 868. In so holding, the Supreme Court distinguished the journal entry in *Ashland Salvage* from the journal entry in *Hosack*, specifically indicating that the journal entry in *Hosack* "left certain matters unresolved." *City of Ashland v. Ashland Salvage*, 271 Neb. at 368, 711 N.W.2d at 868.

A review of the Supreme Court's opinion in *Hosack*, as discussed above, does not indicate that any substantive matter was actually unresolved by the district court's journal entry, except that the journal entry directed preparation of a decree for ap - proval by the opposing party and allowed for the preparing party to alert the court to any unresolved issues. By comparison, the journal entry in *Ashland Salvage* which the Supreme Court held "disposed of all claims and constituted a judgment" directed

preparation of a decree, but the journal entry did not provide for approval by the opposing party and did not allow for the preparing party to alert the court to any unresolved issues. As such, the journal entry in *Ashland Salvage* constituted a judgment under § 25-1301, because the journal entry did not provide for any disagreement by the parties about the court's resolution and did not provide for the parties to alert the court to any unresolved issues. In this regard, the journal entry in the present case is distinguishable from the journal entry in *Ashland Salvage*. Here, the journal entry, which is substantially identical to the journal entry in *Hosack*, did require approval by the opposing party and did allow for the preparing party to alert the court to any unresolved issues.

### 3. Resolution

Because the district court's journal entry in the present case is not significantly distinguishable from the district court's journal entry in *Hosack v. Hosack*, 267 Neb. 934, 678 N.W.2d 746 (2004), I respectfully dissent from the majority's opinion. I would conclude that the journal entry in this case was not a judgment, and I would not sua sponte find a lack of jurisdiction. The Supreme Court's recent opinion in *City of Ashland v. Ashland Salvage*, 271 Neb. 362, 711 N.W.2d 861 (2006), further suggests that a journal entry like the one in the present case, which document calls for preparation of a decree to be approved by the opposing party, allows for the parties to alert the court to any unresolved issues and is not a judgment. Because I believe the only consistent application of the Supreme Court's holdings in *Hosack* and *Ashland Salvage* would be to find that the journal entry in the present case was not a judgment, I would find no jurisdictional default and would resolve this case on its merits.