743 N.W.2d 782 (2008)
16 Neb. App. 328
Mary Elizabeth WAGNER, Appellee
v.
James Brian WAGNER, Appellant.
No. A-06-427.
Court of Appeals of Nebraska.
January 22, 2008.
Riko E. Bishop, of Perry, Guthery, Haase & Gessford, P.C., L.L.O., Lincoln, for appellant.
Kevin A. Brostrom and Stacie A. Coding, of Lauritsen, Brownell, Brostrom, Stehlik, Myers & Daugherty, P.C., L.L.O., Grand Island, for appellee.
IRWIN, SIEVERS, and MOORE, Judges.
*783 IRWIN, Judge.

I. INTRODUCTION
James Brian Wagner appeals a decree entered by the district court for Hall County dissolving his marriage to. Mary Elizabeth Wagner. On appeal, James challenges various aspects of the court's property distribution, the court's alimony award, and the court's award of attorney fees, to Mary. We conclude that a typewritten letter from the court to the parties which resolved all of the issues presented in the case and was filed with the court's clerk constituted the final, appealable order, and thus James' appeal from the subsequently filed "Decree of Dissolution" was not timely. We dismiss the appeal.

II. BACKGROUND
On January 2, 2004, Mary filed a petition seeking dissolution of the parties' marriage. A trial was conducted on August 22 and December 7, 2005.
On January 11, 2006, the district court filed with the clerk of the court a copy of a letter dated January 10 and sent to counsel for both parties. In that letter, the court indicated that "[b]y this letter I am rendering decision on the trial of this matter." The court directed Mary's counsel to "draft the Decree incorporating the findings and orders [in the letter] and submit it to [James' counsel] for his approval as to form and then to the Court." In the letter, the court resolved all issues, did not reserve judgment on anything, and did not direct the parties to advise the court of any issues not resolved or file any further requests for relief.
On February 7, 2006, the court filed a "Decree of Dissolution" which included all of the findings made in the court's January 11 letter to counsel. On February 17, James filed a motion seeking a new trial or an alteration or amendment to the judgment ... On March 14, the court filed a journal entry overruling the motion. James filed his notice of appeal on April 12.

III. ASSIGNMENTS OF ERROR
James has assigned four errors on appeal. Because of our conclusion that the appeal was not timely filed, we need not more specifically discuss James' assignments of error.

IV. ANALYSIS
Our review of the record in this case revealed that the district court filed a typewritten, signed letter to the parties in which the court resolved the issues presented. The subsequently filed "Decree of Dissolution" did not alter the findings of the court from those set forth in the letter. Pursuant to established precedent, we conclude that James failed to timely file his appeal.
Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. City of Ashland v. Ashland Salvage, 271 Neb. 362, 711 N.W.2d 861 (2006); Hosack v. Hosack, 267 Neb. 934, 678 N.W.2d 746 (2004); Peterson v. Peterson, 14 Neb.App. 778, 714 N.W.2d 793 (2006). Neb.Rev. Stat. § 25-1912(1) (Cum.Supp.2006) provides that "proceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court . . . shall be by filing... within thirty days after the entry of such judgment, decree, or final order, a notice of intention to prosecute such appeal." Neb.Rev.Stat. § 25-1301 (Cum. Supp.2006) provides in pertinent part:
(1) A judgment is the final determination of the rights of the parties in an action.

*784 (2) Rendition of a judgment is the act of the court, or a judge thereof, in making and signing a written notation of the relief granted or denied in an action.
(3) The entry of, a judgment, decree, or final order occurs when the clerk of the court places the file stamp and date upon the judgment, decree, or final order. For purposes of determining the time for appeal, the date stamped on the judgment, decree, or final order shall be the date of entry.

1. DEVELOPMENT OF LAW
The jurisdictional issue in the present case arises because the record includes two signed and file-stamped documents which contain the district court's findings and resolution on the issues presented at trial. In prior cases, the appellate courts of this state have established that in such a situation, if the first document is a final determination of the parties' rights and does not leave matters unresolved, it can be considered a final, appealable order for purposes of establishing the appropriate deadline for filing a notice of appeal. See, City of Ashland v. Ashland Salvage, supra; Hosack v. Hosack, supra; Peterson v. Peterson, supra.

(a) Hosack v. Hosack

In Hosack v. Hosack, supra, Judy Louise Hosack filed a petition seeking dissolution of her marriage to Max Galen Hosack. On October 15, 2002, the district court filed a journal entry resolving a number of the issues presented in the dissolution proceeding. The journal entry also specifically indicated that counsel was to advise the court, by written motion, if the court had failed to rule on any material issue and that if no motion was filed within 10 days, all matters not specifically ruled upon were deemed denied. The journal entry directed Judy's counsel to prepare the decree and present it to Max's counsel for review. A decree was signed by the district court on November 14 and filed by the clerk of the district court.
On December 4, 2002, Max filed a notice of appeal to this court. This court dismissed the appeal, ruling that the October 15 journal entry was a proper entry of judgment and that Max's notice of appeal was not timely. Max then sought and was granted further review by the Nebraska Supreme Court.
On further review, the Supreme Court held that the October 15, 2002, journal entry was not a proper entry of judgment. The court held that the journal entry "left certain matters unresolved" and noted that the journal entry "directed [counsel] to advise the district court by written motion if the court had failed to rule on any material issue presented." Hosack v. Hosack, 267 Neb. 934, 939, 678 N.W.2d 746, 752 (2004).
The Supreme Court also specifically disapproved of the practice of a trial court's filing a journal entry describing an order to be entered at a subsequent date. The court recognized that "`the confusion presented ... can be avoided if trial courts will, as they should, limit themselves to entering but one final determination of the rights of the parties in a case.'" Id. at 940, 678 N.W.2d at 752, quoting Federal Land Bank v. McElhose, 222 Neb. 448, 384 N.W.2d 295 (1986). The court directed trial courts to "notify the parties of [the] findings and intentions as to the matter before the court by an appropriate method of communication without filing a journal entry" and noted that "[t]he trial court may thereby direct the prevailing party to prepare an order subject to approval as to form by the opposing party." 267 Neb. at 940, 678 N.W.2d at 752-53. The court specifically directed that "[o]nly the signed final order should be filed with the clerk of the court." Id. at 940, 678 N.W.2d at 753.

*785 (b) City of Ashland v. Ashland Salvage

In City of Ashland v. Ashland Salvage, 271 Neb. 362, 711 N.W.2d 861 (2006), Ashland Salvage, Inc., and Arlo Remmen (collectively Ashland Salvage) filed, suit against the City of Ashland to challenge a special assessment imposed by the city for cleanup costs associated with the removal of materials Ashland Salvage, had been storing on portions of public rights-of-way. The city filed a declaratory judgment action, and prior to trial, the district court consolidated the two actions.
On November 22, 2004, following a trial, the district court ruled in favor of the city on the declaratory judgment claim in a file-stamped journal entry. The journal entry also directed counsel for the city to prepare an injunction. On November 30, Ashland Salvage filed a notice of appeal from the November 22 journal entry. On December 6, the court filed an order of permanent injunction.
The Nebraska Supreme Court held that the November 22, 2004, journal entry was a final, appealable order and that Ashland Salvage's appeal from it, rather than the later December 6 order, was timely. The court held that the journal entry resolved all issues raised in the declaratory judgment action and disposed of the whole merits of the case, notwithstanding that it directed counsel for the city to prepare another order. The court held that the journal entry satisfied the requirements of § 25-1301 to constitute a judgment from which an appeal could be taken. In contrast to the journal entry in Hosack v. Hosack, supra, that left certain matters unresolved, the November 22 file-stamped journal entry disposed of all claims.
The Supreme Court also once again took the opportunity to disapprove of the practice of a trial court's filing of a journal entry describing an order to be entered on a subsequent date. The court again gave direction to the trial courts of the proper procedure and again indicated that "[o]nly the signed [judgment, decree, or] final order should be filed with the clerk of the court.'" 271 Neb. at 368, 711 N.W.2d at 868, quoting Hosack v. Hosack, supra.

(c) Peterson v. Peterson

In Peterson v. Peterson, 14 Neb.App. 778, 714 N.W.2d 793 (2006), Mary J. Peterson filed a petition seeking dissolution of her marriage to Paul R. Peterson. On May 3, 2004, a document titled "`Opinion and Findings'" was file stamped and filed by the clerk of the district court. Id at 779, 714 N.W.2d at 795. The May 3 document was also signed by the trial judge, and it set forth the court's resolution of the issues presented. The document did not include any language suggesting that either party could file any motion to advise the court of material issues left unresolved. The document did include a provision stating that Mary's counsel was prepare a Decree in conformance with the Court's findings and submit the same to opposing Counsel for approval, then to the Court for signature.'" Id. at 781, 714 N.W.2d at 796. On May 4, the court entered an order nunc pro tune in which the court revised the May 3 document with respect to two provisions.
On May 28, 2004, a "`Decree of Dissolution of Marriage'" was filed. Id. This document was also signed by the trial judge and file stamped, and it set forth essentially the same findings set forth in the previous two documents. On June 4, Mary filed a motion for new trial, which motion was denied on July 8. On August 3, Mary filed a notice of appeal, and Paul subsequently filed a cross-appeal.
This court reviewed the Nebraska Supreme Court's holdings in City of Ashland v. Ashland Salvage, 271 Neb. 362, 711 N.W.2d 861 (2006), and Hosack v. Hosack, *786 267 Neb. 934, 678 N.W.2d 746 (2004), to determine whether the May 3 and 4, 2004, documents should be considered a final, appealable order. We held that the May 3 and 4 documents set forth the district court's determination of the issues presented for resolution and left no matters unresolved. We held that, pursuant to City of Ashland v. Ashland Salvage, supra, the language directing one party's counsel to prepare another document did not contradict the May 3 and 4 documents' function as a final determination of the rights of the parties. Finally, we held that the May 28 decree did not alter the determination of the issues as set out in the May 3 and 4 documents. We concluded that Mary's notice of appeal was clearly filed out of time. We also held that Mary's motion for new trial was not timely filed with respect to the May 3 and 4 final order. On July 19, 2006, the Supreme Court overruled a petition for further review in Peterson.
In the course of this court's discussion in Peterson, we noted that the Nebraska Supreme Court has specifically disapproved of the practice of a trial court's filing a journal entry describing an order to be filed at a subsequent date. We quoted the Supreme Court's directions to trial courts from City of Ashland v. Ashland Salvage, supra, and Hosack v. Hosack, supra, as set forth above.

2. APPLICATION AND RESOLUTION
The present case is, for all practical purposes, nearly identical to City of Ashland v. Ashland Salvage, supra, and Peterson v. Peterson, supra. In this case, the district court filed a written, signed document which set forth the court's determination, of all issues presented for resolution. In that document, the court specifically indicated that it was "rendering decision on the trial of this matter." In this case, that document was a letter to counsel for both parties, while in City of Ashland, that document was a signed journal entry and in Peterson, that document was in the form of an "Opinion and Findings"; but in each case, the court filed a written, signed document determining all issues presented. In each case, that written, signed document directed counsel for one of the parties to prepare another document and present it to opposing counsel for approval as to form, but as the Nebraska Supreme Court directed in City of Ashland, that direction does not deprive the document of its function as a final, appealable order.
The letter to counsel in this case satisfied the requirements of § 25-1301(2) to constitute a rendition of judgment, because it was a written, signed notation of the relief granted or denied. The letter to counsel further satisfied the requirements of § 25-1301(3) to constitute the entry of a judgment, because the clerk placed the file stamp and date upon the letter.
Although the Nebraska Supreme Court has specifically cautioned in both City of Ashland v. Ashland Salvage, supra, and Hosack v. Hosack, supra, that only the final order should be filed by the trial court, the district court in the present case filed both the letter to counsel and the subsequently drafted decree of dissolution. As a result, the January 11, 2006, letter to counsel constituted a final, appealable order. James' notice of appeal was not filed until April 12, and was clearly filed out of time. Additionally, as in Peterson v. Peterson, 14 Neb.App. 778, 714 N.W.2d 793 (2006), the motion for new trial did not serve to toll the time for filing an appeal, because it was not filed within 10 days of the final, appealable order.

*787 V. CONCLUSION
Having found that James' appeal was filed outside the 30-day time limit for filing an appeal, we are without jurisdiction to hear the appeal. The appeal is dismissed for lack of jurisdiction.
APPEAL DISMISSED.