STATE OF NEBRASKA, APPELLEE, v. RONALD MCDERMOTT, APPELLANT.

263 N. W. 2d 482

Filed March 15, 1978.  No. 41503.

Cunningham, Blackburn, Von Seggern & Livingston, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

MCCOWN, J.

This is an appeal to the District Court by a prosecuting attorney under the provisions of section 29-2317, R. R. S. 1943, from an order of the county court of Hall County, Nebraska, modifying a sentence previously pronounced against the defendant upon a conviction for operating a motor vehicle while his license was suspended, second offense. On that appeal the District Court affirmed the original sentence of the county court, and from that judgment the defendant has appealed to this court.

On January 5, 1977, in the county court of Hall County the defendant pleaded guilty to a charge of operating a motor vehicle while his operator's li-

cense was suspended, second offense. The mandatory penalty for that offense is 6 months imprisonment in the county jail. The alternative is probation. A mandatory suspension of motor vehicle operator's license for 2 years is also required. § 60-430.01, R. R. S. 1943.

The county court, on January 5, 1977, sentenced the defendant to "6 months in jail, subject to review in 30 days," recommended work release, and suspended his operator's license for 2 years. On January 5, 1977, the sentence was put into execution by commitment of the defendant to jail.

On January 10, 1977, defendant filed a motion for modification of sentence upon the ground that the sentence imposed was an unauthorized and erroneous sentence. On January 14, 1977, after hearing, the county court granted defendant's motion and sentenced defendant to probation for a period of 1 year with a condition that 89 days of that period be spent in jail; gave credit for the time served on the previous sentence; and recommended work release. Thereafter the prosecuting attorney gave notice of intent to appeal pursuant to section 29-2317, R. R. S. 1943, and the appeal was perfected.

On April 26, 1977, the District Court held that the original sentence in the county court was within statutory limits; that the county court had no authority to review or change the sentence; and reinstated the original sentence of the county court. On May 6, 1977, the District Court sustained defendant's motion for new trial. On May 25, 1977, on rehearing, the District Court found that the original sentence in the county court was within statutory limits and could not be reviewed or changed. The District Court then reinstated the original sentence of the county court, except that portion referring to a review of the sentence by the county court in 30 days.

This court has consistently held that in the absence of statute, when a valid sentence has been put

into execution by commitment of a prisoner, the court has no authority to set aside, modify, amend, or revise the sentence, either during or after the term or session of court at which the sentence was imposed. Any attempt to do so is of no effect and the original sentence remains in force. State v. Adamson, 194 Neb. 592, 233 N. W. 2d 925.

The original sentence here as pronounced was not a completely valid and authorized sentence. A sentence of 6 months in jail was a valid authorized sentence for the offense involved here. The addition of the words "subject to review in 30 days by the Court" was unauthorized and the sentence as pronounced was therefore partially valid and partially invalid or erroneous. The essential part of a sentence is the punishment, including the kind and the amount. Ulrich v. O'Grady, 136 Neb. 684, 287 N. W. 81. The addition of a provision for subsequent review is surplusage. Where a portion of a sentence is valid and a portion is invalid or erroneous, the court has authority to modify or revise the sentence by removing the invalid or erroneous portion of the sentence if the remaining portion of the sentence constitutes a complete valid sentence. The District Court was therefore correct in determining that the county court should have modified or revised its original sentence by removing the portion of it which provided for review in 30 days, and that the county court's action in setting aside the original sentence and entering a completely new one was erroneous.

The District Court, however, did not have the authority to set aside the sentence of the county court appealed from by the prosecution nor to change or reinstate the original sentence in this case.

The order and sentence here was appealed from by the prosecuting attorney under section 29-2317, R. R. S. 1943. Section 29-2319 (1), R. R. S. 1943, provides: "The judgment of the court in any action taken under the provisions of sections 29-2317 and 29-

2318 shall not be reversed nor in any manner affected when the defendant in the trial court has been placed legally in jeopardy, but in such cases the decision of the district court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may thereafter arise in the district.''

The defendant had been placed legally in jeopardy in the county court and the decision of the District Court could determine only the law to govern similar pending or subsequent cases and not the judgment or the defendant in this case. The jail sentence required as a condition of the sentence of probation appealed from was completed prior to the judgment of the District Court, and the term of probation has now expired. The judgment of the county court has therefore presumptively been fully executed and defendant cannot be adversely affected by this appeal. The judgment of the District Court is affirmed as to similar or future cases only.

AFFIRMED.

BOSLAUGH, J., dissenting.

The sentence of the county court that the defendant be imprisoned in the county jail for 6 months was a valid sentence. The provision that the sentence was ''subject to review in 30 days'' was surplusage and of no legal effect. It did not render the otherwise valid sentence partially invalid or erroneous.

The determination by the District Court that the original sentence was valid should have ended the proceeding. There is no provision for an appeal by a defendant in a proceeding under section 29-2317, R. R. S. 1943, because the proceeding has no effect on the rights of a defendant who has been placed in jeopardy. The only provision for a direct review of a judgment in a proceeding under section 29-2317, R. R. S. 1943, is by the prosecuting attorney under sec-

tion 29-2315.01, R. R. S. 1943. § 29-2319 (3), R. R. S. 1943.

WHITE, C. J., and SPENCER, J., join in this dissent.