STATE OF NEBRASKA, APPELLEE, V. ASCENCION ARRENDONDO ESQUIVEL, APPELLANT.

505 N.W.2d 736

Filed October 1, 1993.   No. S-93-333.

Mark D. Albin for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

Following a plea of guilty to possession of marijuana with intent to deliver, a Class III felony, Ascencion Arrendondo Esquivel was sentenced to prison for not less than 1 nor more than 3 years. A Class III felony carries a penalty of not less than 1 nor more than 20 years' imprisonment, up to a $25,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1989).

After his sentencing, Esquivel filed a motion seeking 27 days' credit on his sentence for time spent in presentence confinement. At the hearing on the motion, it was the impression of the trial judge that such credit was mandatory only when a maximum sentence was given. In overruling Esquivel's motion for credit, the trial judge stated, "I took the time served into consideration when I sentenced [Esquivel]."

Esquivel timely appealed his conviction and sentence to the Nebraska Court of Appeals. We granted the State's petition to bypass the Court of Appeals.

On appeal, Esquivel's single assignment of error is that the district court failed to grant him credit for his presentence confinement of 27 days.

Formerly, Neb. Rev. Stat. § 83-1,106(1) (Reissue 1987) provided:

> Credit against the maximum term and any minimum term *may* be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall

not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services.

(Emphasis supplied.)

In 1988, long before Esquivel was sentenced, § 83-1,106(1) was amended by substituting the word "shall" for the word "may." See § 83-1,106(1) (Cum. Supp. 1992). Due to the amendment and due to § 83-1,106(5)(a), in a criminal case, a judge in sentencing is required to separately determine, state, and grant the amount of credit on the defendant's sentence to which the defendant is entitled under § 83-1,106(1).

We reverse the district court's denial to Esquivel of credit for his presentence confinement time and remand the matter to the district court with directions to grant Esquivel credit on his sentence pursuant to § 83-1,106(1) and (5).

REVERSED AND REMANDED WITH DIRECTIONS.