STATE OF NEBRASKA, APPELLEE, V.
DANIEL T. TORRES, APPELLANT.
590 N.W.2d 184

Filed March 5, 1999.   No. S-98-118.

Thomas C. Riley, Douglas County Public Defender, and Christopher J. Lathrop and Leslie E. Kendrick for appellant.

Don Stenberg, Attorney General, and, on brief, Jay C. Hinsley for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Daniel T. Torres appeals from his sentence for violating the terms of his probation, claiming that he was not credited for time already served, as required by Neb. Rev. Stat. § 47-503 (Reissue 1998). We determine that Torres was not sentenced as required by statute, and we reverse, and remand this cause with directions.

## FACTUAL BACKGROUND

Torres was charged with assault and battery in violation of a protection order on October 30, 1996. Torres pled no contest to the charge of violating the protection order, and the charge of assault and battery was dismissed. Torres was found guilty and sentenced by the Douglas County Court to 270 days' probation, the terms of which included professional counseling, abstention from alcohol and drug use, regular meetings with probation officers, and a $50 fine.

On May 30, 1997, Torres was charged with violating the terms of his probation, based on his probation officer's report that Torres had failed to appear for his scheduled appointments at the probation office, had not paid the fines and costs assessed as part of his sentence, and had provided no verification that he was receiving counseling. Torres entered a plea of guilty to the charge of violating his probation. The county court found there to be a factual basis for Torres' plea. The following exchange was then had regarding sentencing:

> THE COURT: . . . I'm ordering the defendant to serve a term of 90 days in jail, and his probation is terminated.
>
> [DEFENSE COUNSEL]: He was incarcerated for 26 days prior to bonding out, after the death of his wife. We're hoping for credit for 26 days.
>
> THE COURT: I took that into consideration. I'll set the appeal bond for $300. You're excused.

Torres appealed to the Douglas County District Court, assigning as error that he was not given credit for time already served, as required by § 47-503. The district court found that the county court had given Torres credit for time served, stating, "While it would perhaps be clearer for the judge to state a sen-

tence of 116 days, with credit for 26 days served, a sentence of 90 days, with the presentence time taken 'into consideration,' seems to meet the spirit and the letter of § 47-503." The district court affirmed the sentence, modified to reflect a term of 116 days with credit for 26 days served.

On February 6, 1998, Torres filed a timely appeal to the Nebraska Court of Appeals, and we ordered the case removed to our docket pursuant to our power to regulate the dockets of this court and the Court of Appeals.

## ASSIGNMENT OF ERROR

Torres assigns that the district court erred when it affirmed the county court's sentencing order which failed to credit Torres for time served in jail while awaiting trial and sentence.

## STANDARD OF REVIEW

A sentence within statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Strohl*, 255 Neb. 918, 587 N.W.2d 675 (1999); *State v. Hill*, 255 Neb. 173, 583 N.W.2d 20 (1998).

Interpretation of a statute presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Woods*, 255 Neb. 755, 587 N.W.2d 122 (1998).

## ANALYSIS

The statute relevant to this appeal is § 47-503, which provides, in relevant part:

(1) Credit against a jail term *shall be given* to any person sentenced to a city or county jail for time spent in jail as a result of the criminal charge for which the jail term is imposed or as a result of conduct upon which such charge is based. . . .

. . . .

(2) Credit to any person sentenced to a city or county jail who is eligible for credit pursuant to subsection (1) of this section shall be set forth as part of the sentence at the time such sentence is imposed.

(Emphasis supplied.)

The State's brief does not cite, nor does the State distinguish, the cases that are dispositive of this matter. We have repeatedly stated, with reference to functionally identical language of Neb. Rev. Stat. § 83-1,106 (Reissue 1994), that a sentencing judge is required to separately determine, state, and grant the amount of credit on the defendant's sentence to which the defendant is entitled. See, *State v. Mantich*, 249 Neb. 311, 543 N.W.2d 181 (1996); *State v. Marks*, 248 Neb. 592, 537 N.W.2d 339 (1995); *State v. Groff*, 247 Neb. 586, 529 N.W.2d 50 (1995); *State v. Esquivel*, 244 Neb. 308, 505 N.W.2d 736 (1993).

It is true that § 47-503 relates to city and county correctional facilities, while the cases cited above have dealt with § 83-1,106, which relates to state correctional facilities. Section 83-1,106 provides, in relevant part:

> (1) Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. . . .
>
> . . . .
>
> (5) . . . .
>
> (a) Credit to an offender who is eligible therefor under subsections (1), (2), and (4) of this section shall be set forth as a part of the sentence . . . .

In *State v. Esquivel*, 244 Neb. at 309, 505 N.W.2d at 736, the trial judge overruled the defendant's postsentencing motion seeking credit for time served, stating, "'I took the time served into consideration when I sentenced [Esquivel].'" We held that the use of the word "shall" in § 83-1,106 required the sentencing court to separately determine, state, and grant credit for time served, and we reversed, and remanded that cause with directions to grant credit for time served pursuant to the statute. *State v. Esquivel, supra.* See, also, *State v. Groff, supra.*

We find the facts of the present case, and the relevant statutory language, to be essentially indistinguishable from those presented in *State v. Esquivel, supra.* The sole distinguishing argument presented by the State is the contention that the district court order, affirming the county court's sentence as modified, was sufficient to satisfy the statute even if the county

court's initial sentence was not. This argument is not persuasive. It is clearly stated in § 47-503(2) that credit for time served shall be set forth "as part of the sentence at the time such sentence is imposed." Because compliance with § 47-503(2) must be achieved "at the time such sentence is imposed," the district court sitting as an appellate court cannot remedy a sentence which was not correctly pronounced in the first instance. The rule first set forth in *State v. Esquivel, supra*, requires that the order of the district court be reversed.

## CONCLUSION

For these reasons, we conclude that the county court abused its discretion in failing, at the time that Torres' sentence was imposed, to separately determine, state, and grant Torres credit for jail time already served. Accordingly, the order of the district court is reversed, and the cause is remanded to the district court. The district court is directed to remand the cause to the county court, with directions to credit Torres' sentence for the time served in jail prior to sentencing.

REVERSED AND REMANDED WITH DIRECTIONS.