STATE OF NEBRASKA, APPELLEE, V.
MARK E. WAYT, APPELLANT.
701 N.W.2d 841

Filed August 2, 2005.   No. A-04-1352.

Donald J.B. Miller, of Matzke, Mattoon & Miller, for appellant.

Jon Bruning, Attorney General, Susan J. Gustafson, and Matt Herstein, Senior Certified Law Student, for appellee.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

The district court for Cheyenne County sentenced Mark E. Wayt to prison after he violated probation. We reject Wayt's claims that the sentence is excessive and fails to grant sufficient credit for time served. We also address the district court's power to correct a partially invalid sentence, where the parties recognized the invalid portion and requested the court to modify its sentence because the minimum term of the indeterminate sentence was greater than that allowed by law. Pursuant to Neb. Ct. R. of Prac. 11E(5)b (rev. 2000), this case was submitted without oral argument. We affirm.

## BACKGROUND

Pursuant to a plea agreement, Wayt was convicted of driving under the influence of alcoholic liquor, fourth offense, a Class IV felony in violation of Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 2002). On May 7, 2004, the trial court pronounced a sentence of 10 days in jail and 3 years' probation. One of the conditions of Wayt's probation required him to report on May 11 to inpatient substance abuse treatment. On May 17, the State filed documents charging that Wayt had violated his probation. On June 23, Wayt filed a request for extradition from Wyoming, where he was in custody, to Nebraska, for disposition of the charges against him. On September 29, Wayt was present at a hearing in Nebraska on the violation of probation. Wayt admitted that he had failed to report to inpatient treatment on May 11, 12, and 13 and that he had thereby violated the terms of his probation. On October 26, the trial court rendered an order revoking Wayt's probation and resentencing him "to incarceration in the Department of Correctional Services, Lincoln, Nebraska for a term of not less than two (2) years nor more than four (4) years, with credit for time previously served, to wit: twenty-nine (29) days." The trial court further ordered Wayt to pay a fine and ordered his driver's license to be revoked for 15 years. In response to a "Stipulation and Consent" filed by the parties, the trial court on November 19 entered a "Nunc Pro Tunc Journal," which was identical to the previous sentencing

order in every respect except that it purported to change Wayt's prison sentence to "not less than . . . **fifteen (15) months** nor more than four (4) years."

## ASSIGNMENTS OF ERROR

Wayt assigns that the trial court erred in (1) failing to give him proper credit for jail time previously served, (2) imposing an excessively harsh sentence, and (3) imposing a sentence more severe than the original sentence.

## STANDARD OF REVIEW

■ Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004).

## ANALYSIS

*Excessive Sentence.*

Wayt alleges that the sentence imposed by the trial court is excessive and that he should have received probation rather than time in prison. Wayt was initially convicted of a Class IV felony, which carries a penalty of 0 to 5 years' imprisonment, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2004). The trial court sentenced Wayt to 15 months to 4 years in prison, a term within statutory limits.

■ In determining a sentence, the trial judge should consider factors such as the defendant's age, mentality, education, experience, social and cultural background, past criminal record, and motivation for the offense and the nature of the offense. *State v. True*, 236 Neb. 274, 460 N.W.2d 668 (1990). The presentence investigation in this case reveals that Wayt has a lengthy history of abusing alcohol and driving under the influence of alcohol, with 15 convictions for the offense since 1985. Despite serving previous sentences of probation and incarceration, Wayt has continued to reoffend. Wayt's criminal record also contains drug-related charges, as well as convictions for burglary, fraud, and obstructing a peace officer. Wayt has received little or no substance abuse treatment, and when given the opportunity to attend inpatient treatment as a condition of his probation, Wayt failed to report to the treatment facility, apparently because he feared

being arrested on an outstanding warrant. Wayt reported that he earned approximately $600 per month and that he spent approximately half of that amount on alcohol. Evidently, Wayt's abuse of alcohol has been a disruptive force in his life, and his repeated convictions for driving under the influence demonstrate that he poses a danger to himself and to others. We conclude that the trial court did not abuse its discretion in sentencing Wayt to 15 months to 4 years in prison.

Wayt argues that this court should limit his sentence to no more than 3 years in prison, and he requests that this court adopt the following rule: "in the event a person is re-sentenced for a probation violation, a trial court may not impose a sentence of incarceration longer, in terms of time, than the length of the original probation." Brief for appellant at 8. Under Neb. Rev. Stat. § 29-2268 (Reissue 1995), when a probationer violates the terms of his or her probation, the court may revoke the probation and impose a new sentence "as might have been imposed originally for the crime of which he [or she] was convicted." It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. *State v. Warriner*, 267 Neb. 424, 675 N.W.2d 112 (2004). Because the trial court, at the time it granted a probationary sentence, had the power to impose the sentence to the term of imprisonment that it ultimately imposed, § 29-2268 clearly conflicts with Wayt's proposed rule. This court lacks the power to adopt the rule proposed by Wayt.

*Initial Erroneous Sentence.*

The State requests that this court either enter a new sentencing order or remand for a new order, because the trial court's "Nunc Pro Tunc Journal" was not the proper means of correcting Wayt's sentence. A nunc pro tunc order operates to correct a clerical error or a scrivener's error, not to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even if such order was not the order intended. See *Walsh v. City of Omaha*, 11 Neb. App. 747, 660 N.W.2d 187 (2003). Regardless of the second order's title, it did not operate as a nunc

pro tunc order. The first order on resentencing "spoke the truth," i.e., it accurately recorded the sentence pronounced by the district court. However, as we discuss below, that first order was partially invalid. The content of the inaccurately titled second order imposed a valid sentence.

In attacking the validity of the corrected sentence of 15 months' to 4 years' imprisonment, the State requests that we modify "the district court's original sentence of two to four years, to not less than twenty months nor more than four years." Brief for appellee at 10.

Of course, we recognize that a sentence validly imposed takes effect from the time it is pronounced. *State v. Gass*, 269 Neb. 834, 697 N.W.2d 245 (2005). When a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed. *Id.* Any attempt to do so is of no effect, and the original sentence remains in force. *Id.* This rule does not apply in the case before us because the district court's first order on resentencing did not impose a totally valid sentence.

The minimum term of a Class IV felony indeterminate sentence cannot exceed one-third of the maximum term allowed by law; that is, the minimum term for a Class IV felony cannot exceed 20 months' imprisonment. See, Neb. Rev. Stat. § 29-2204(1)(a)(ii)(A) (Cum. Supp. 2004); *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999). In the case before us, the initial minimum prison sentence of 2 years exceeded the minimum term allowed by law.

In *McElhaney v. Fenton*, 115 Neb. 299, 212 N.W. 612 (1927), the defendant was sentenced to a term of 3 to 20 years' imprisonment, but the statute provided for a term of 1 to 10 years' imprisonment. The Nebraska Supreme Court held that fixing the maximum sentence at not more than 20 years' imprisonment was erroneous, but the court did not render the judgment void. Instead, the court stated that the sentence "stands as valid and enforceable for the term that the statute authorized the court to impose sentence, to wit, for not more than ten years." *Id.* at 301, 212 N.W. at 612. The court concluded that habeas corpus would not lie where the sentence was merely erroneous and not void.

■ Like the sentence in *McElhaney*, the 2-year minimum sentence in this case was erroneous but not void. Where a portion of a sentence is valid and a portion is invalid or erroneous, the court has authority to modify or revise the sentence by removing the invalid or erroneous portion of the sentence if the remaining portion of the sentence constitutes a complete valid sentence. *State v. McDermott*, 200 Neb. 337, 263 N.W.2d 482 (1978). In *McDermott*, the Nebraska Supreme Court held that the district court was correct in determining that the county court should have modified or revised its original sentence by removing the erroneous portion. We conclude that under the circumstances in the present case, the trial court was empowered to correct its judgment to enter a valid sentence.

■ We also note that the State joined in the stipulation that gave rise to the trial court's correction of the erroneous portion of the initial sentence, which stipulation specifically requested a sentence of 15 months' to 4 years' imprisonment. Even if the trial court had erred in altering the initial sentence, it is well established that a party cannot complain of error which he or she invited the trial court to commit. See *State v. Zima*, 237 Neb. 952, 468 N.W.2d 377 (1991).

We have concluded that the trial court did not abuse its discretion in sentencing Wayt to 15 months to 4 years in prison, and we decline to disturb that judgment.

*Credit for Time Served.*
■ The trial court gave Wayt credit for 29 days served, presumably between the date of Wayt's extradition from Wyoming and October 26, 2004, the date the trial court rendered its initial order purporting to sentence Wayt to 2 to 4 years' imprisonment. Wayt asserts that the trial court erred in failing to give him additional credit for 103 days served in Wyoming, from June 23 to September 29, 2004. Pursuant to Neb. Rev. Stat. § 83-1,106(1) (Reissue 1999), a court must give credit for time served on a charge when a prison sentence is imposed for that charge. *State v. Banes*, 268 Neb. 805, 688 N.W.2d 594 (2004). When Wayt requested extradition to Nebraska, he alleged that he was "in custody" in Wyoming. However, there is no evidence on the record that Wayt was serving time in Wyoming for the

present charge. In the absence of evidence that the present charge precipitated Wayt's incarceration in Wyoming, we conclude that the trial court did not abuse its discretion in assessing Wayt's time served.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment sentencing Wayt to 15 months' to 4 years' imprisonment, with credit for 29 days served.

AFFIRMED.