762 N.W.2d 64 (2009)
17 Neb. App. 361
STATE of Nebraska, Appellee,
v.
Kenneth W. CLARK, Appellant.
No. A-08-735.
Court of Appeals of Nebraska.
February 17, 2009.
*65 Dennis R. Keefe, Lancaster County Public Defender, Webb E. Bancroft, and Yohance L. Christie, Senior Certified Law Student, for appellant.
Jon Bruning, Attorney General, and Stacy M. Foust, for appellee.
*66 IRWIN, SIEVERS, and CARLSON, Judges.
SIEVERS, Judge.
This case presents the question of whether a sentence of imprisonment pronounced by the district court that gives the offender more credit for time served than he actually served before sentencing can be thereafter corrected by the district court to reflect the correct number of days to be credited against his jail term. Kenneth W. Clark appeals the corrected sentence, as well as asserting that the period of incarceration ordered is excessive. Because the sentence results from a no contest plea, under Neb. Ct. R.App. P. § 2-111(E)(5)(a), we do not hear oral argument on this case.

FACTUAL BACKGROUND
Pursuant to an amended information, Clark was charged with third degree sexual assault, a Class I misdemeanor, to which he pled no contest. The victim, C.C., was spending the night with Clark's sister and her children. C.C. awoke early in the morning of August 9, 2006, to find Clark in bed with her and with his hands under her shirt and bra, fondling her breasts. C.C. attempted to push him away, but he unbuttoned her pants and fondled her vagina. Clark's sister entered the room as C.C. was pushing him away, and C.C. immediately told Clark's sister what had occurred. C.C. was 14 at the time, and she did not consent to the sexual contact. The court accepted Clark's plea and found him guilty.

SENTENCING
The sentencing hearing was held May 19, 2008. At that sentencing hearing, counsel for the State and for Clark made comments. In the defense counsel's comments, he noted that Clark "stand[s] for sentencing today [having] served 61 days in jail." Counsel for the State made no mention before sentencing of time served. The trial court stated on the record: "So it will be the order of the Court, Mr. Clark, you be sentenced to a period of 360 days in the Lancaster County Jail, that you pay the costs of prosecution. You will be given credit for 361 days already served." Clark left the courtroom a "free" man.
Two days later, on May 21, 2008, the trial judge arranged to have counsel and Clark before him again and stated that although the record reflected that Clark had served 61 days, "the Court inadvertently gave him credit for 361 days." The trial court continued the matter until June 12 to give counsel time to submit authority on the issue of correction of the sentence.
On June 12, 2008, with Clark and counsel present, the court received the presentence investigation offered in evidence by the State over Clark's objection, which is not assigned as error. The presentence investigation clearly shows 61 days of time served before sentencing. The court then noted that no written order of sentence or commitment ever issued and that the fixing of credit for time served is not part of the sentence imposed and can be corrected. Thus, the court sentenced Clark to 360 days in the Lancaster County jail, with credit for 61 days already served. The court delayed execution of the sentence pending the appeal that Clark indicated he intended to file. The trial court rendered a written order memorializing such sentence on June 12, which order was file stamped by the clerk on that date. Clark filed a timely notice of appeal on June 30.

ASSIGNMENTS OF ERROR
Clark asserts that the order of June 12, 2008, resentencing and committing Clark, was done without jurisdiction to modify a *67 lawfully imposed and final sentence pronounced by the court on May 19 and that the sentence imposed by the court was excessive and an abuse of discretion.

STANDARD OF REVIEW
To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below. See Union Ins. Co. v. Land and Sky, Inc., 253 Neb. 184, 568 N.W.2d 908 (1997).
A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. State v. Kinkennon, 275 Neb. 570, 747 N.W.2d 437 (2008).

ANALYSIS

Can Trial Court Correct Mistaken Award of Credit for Time Served?
Clark's core argument is that the sentence pronounced on May 19, 2008, was a valid sentence; it cannot be modified, amended, or revised in any manner; any attempt to do so is ineffective; and therefore the original sentence remains in full force, citing State v. Schnabel, 260 Neb. 618, 618 N.W.2d 699 (2000). A fundamental predicate to this argument is that an invalid sentence is one that is not authorized by the permissible statutory penalty for the crime and is beyond the sentencing court's power to pronounce and, therefore, can be corrected. See State v. Wilcox, 239 Neb. 882, 479 N.W.2d 134 (1992). Accordingly, Clark argues that while the amount of credit for time served stated on May 19 may have been incorrect, it did not constitute an invalid sentence, and that therefore, it cannot be later modified.
While the State acknowledges the above holding of Schnabel, supra, it contends that Clark's original sentence was invalid because Neb.Rev.Stat. § 47-503(2) (Reissue 2004) provides that "[c]redit to any person sentenced to a city or county jail who is eligible for credit . . . shall be set forth as part of the sentence at the time such sentence is imposed." As a result, the State argues that because Clark had served only 61 days, the credit of 361 days invalidates the sentence and the court may reimpose any sentence that could have been validly imposed in the first place, citing State v. Blankenship, 195 Neb. 329, 331, 237 N.W.2d 868, 869 (1976) ("[t]he general rule is that if the original sentence is invalid, it is of no effect and the court may then impose any sentence which could have been validly imposed in the first place").
The record is beyond dispute that prior to sentencing, Clark had been incarcerated for only 61 days, and thus the credit due him under § 47-503 was 61 days, not 361 days. Therefore, the question is simply whether the trial court can correct its mistake, which depends on whether the flawed original sentence was invalid, erroneous, or void. A similar factual pattern is found in State v. Shelby, 194 Neb. 445, 232 N.W.2d 23 (1975), where the trial court, in addition to a term of years, sentenced the defendant to the security section of the Lincoln Regional Center (LRC) for such time as was necessary to be determined by the director of the LRC, and the court further ordered that the LRC director would provide such psychiatric, social, and vocational therapy as was needed. At the time, there was a statutory provision for presentence evaluation at the LRC, but no provision for such a term of imprisonment at the LRC as part of the actual sentence. The trial court realized its mistake and recalled counsel and the defendant to appear, as was done here, and resentenced the defendant to the same period of incarceration, but without any reference to the LRC. The *68 Nebraska Supreme Court affirmed the district court's handling of the matter, saying:
It is settled law that the District Court has the power to impose a lawful sentence where the one pronounced was erroneous or void as being beyond the power of the trial court to pronounce and where the accused himself has invoked appellate jurisdiction for the correction of error.
Shelby, 194 Neb. at 447, 232 N.W.2d at 24.
We turn to the pertinent statute, § 47-503, which provides in relevant part:
(1) Credit against a jail term shall be given to any person sentenced to a city or county jail for time spent in jail as a result of the criminal charge for which the jail term is imposed or as a result of conduct upon which such charge is based. . . .
(2) Credit to any person sentenced to a city or county jail who is eligible for credit pursuant to subsection (1) of this section shall be set forth as part of the sentence at the time such sentence is imposed.
(Emphasis supplied.)
In State v. Torres, 256 Neb. 380, 381, 590 N.W.2d 184, 185 (1999), the Nebraska Supreme Court applied this statute in a case where a criminal defendant was sentenced to 90 days, after which his counsel stated, "`He was incarcerated for 26 days prior to bonding out . . . . We're hoping for credit for 26 days.'" The county court said, "`I took that into consideration.'" Id. On appeal to the district court, the district judge indicated that it would have been clearer for the county judge to state a sentence of 116 days with credit for 26 days served, and the district court affirmed the sentence. On appeal, the Supreme Court noted its previous cases referencing Neb.Rev.Stat. § 83-1,106 (Reissue 2008) which hold that a sentencing judge "is required to separately determine, state, and grant the amount of credit on the defendant's sentence to which the defendant is entitled," 256 Neb. at 383, 590 N.W.2d at 185, citing State v. Mantich, 249 Neb. 311, 543 N.W.2d 181 (1996). The court noted that § 83-1,106 contains similar language to § 47-503, except that the former statute deals with state correctional facilities, rather than city or county correctional facilities, as is the case with § 47-503. The court in Torres, supra, then noted its opinion in State v. Esquivel, 244 Neb. 308, 505 N.W.2d 736 (1993), holding that the word "shall" in § 83-1,106 required the sentencing court to separately determine, state, and grant credit for time served. The Supreme Court reversed the judgment and remanded the cause in Esquivel, supra, with directions to resentence after granting credit for time served pursuant to § 83-1,106. The Torres court found that its holding in Esquivel extended to § 47-503(2) and that because credit for time served "shall be set forth `as part of the sentence at the time such sentence is imposed,' . . . the district court sitting as an appellate court cannot remedy a sentence which was not correctly pronounced in the first instance." 256 Neb. at 384, 590 N.W.2d at 186. Thus, in Torres, the Supreme Court remanded to the district court for that court to remand to the county court to credit the defendant's sentence for the time served in jail prior to sentencing.
Therefore, based on Torres, we find as a matter of law that in the instant case, the trial judge's conclusion that the giving of credit for time served under § 47-503(2) is not part of the sentence is incorrect. Therefore, the district court had to determine the amount of time already served, state such, and give credit against the sentenceand do so as part of the sentence pronounced. While the trial court *69 did that, the credit given was obviously erroneous.
The Supreme Court has clearly said that a sentence validly imposed takes effect from the time it is pronounced and that when a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed. State v. Schnabel, 260 Neb. 618, 618 N.W.2d 699 (2000); State v. Lotter, 255 Neb. 456, 586 N.W.2d 591 (1998), modified 255 Neb. 889, 587 N.W.2d 673 (1999); State v. Carlson, 227 Neb. 503, 418 N.W.2d 561 (1988). Schnabel, supra, also holds that the circumstances under which a judge may correct an inadvertent mispronouncement of a sentence are limited to those instances in which it is clear that the defendant has not yet left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended; and no written notation of the inadvertently mispronounced sentence was made in the records of the court. (Citing State v. Foster, 239 Neb. 598, 476 N.W.2d 923 (1991).)
Thus, bearing in mind the holdings of Schnabel, supra, and State v. Torres, 256 Neb. 380, 590 N.W.2d 184 (1999), the question for us is whether the trial judge's original sentence in this case was an "inadvertent mispronouncement of sentence," which, under Schnabel, cannot be corrected because Clark had left the courtroom, or whether it is an "invalid sentence," which can be corrected, even though Clark had left the courtroom.
This court has written about the question of when a sentence is invalid in State v. Wayt, 13 Neb.App. 759, 701 N.W.2d 841 (2005). In Wayt, the defendant was convicted of a Class IV felony and placed on probation, which he failed. The district court then sentenced him to a term of 2 to 4 years' imprisonment. The parties apparently filed a "`Stipulation and Consent'" some 3 weeks after the above sentence was pronounced, to correct the minimum term of the indeterminate sentence because it was greater than that allowed by law. Id. at 760, 701 N.W.2d at 844. As a result, the trial court entered a "`Nunc Pro Tunc Journal,'" which was identical in all respects to the previous sentence, except that the low end of the sentence was changed to not less than 15 months, as required by the applicable statute, rather than the 2 years previously pronounced. Id. In Wayt, we relied upon McElhaney v. Fenton, 115 Neb. 299, 212 N.W. 612 (1927), and held:
Like the sentence in McElhaney, the 2-year minimum sentence in this case was erroneous but not void. Where a portion of a sentence is valid and a portion is invalid or erroneous, the court has authority to modify or revise the sentence by removing the invalid or erroneous portion of the sentence if the remaining portion of the sentence constitutes a complete valid sentence. State v. McDermott, 200 Neb. 337, 263 N.W.2d 482 (1978). In McDermott, the Nebraska Supreme Court held that the district court was correct in determining that the county court should have modified or revised its original sentence by removing the erroneous portion. We conclude that under the circumstances in the present case, the trial court was empowered to correct its judgment to enter a valid sentence.
Wayt, 13 Neb.App. at 764, 701 N.W.2d at 846.
In the case before us, Clark was indisputably entitled to only 61 days of credit, but in all other respects, his sentence was valid for the crime to which he pled. Accordingly, we find that the district court had authority to modify and revise the *70 sentence by removing the erroneous portion thereof, making the proper finding of previous time served, and giving Clark credit for such by making the appropriate correction. Just as a criminal defendant would be entitled to have the court correct an invalid credit for 61 days of time served when he had actually served 361 days, the State is entitled to have a valid sentence given to Clark. In other words, the giving of 300 extra days of credit to Clark makes that portion of the sentence invalid and subject to correction, because clearly the court is not empowered to award more credit for time served prior to sentencing than was actually served. Thus, the court can lawfully make the correction to reflect that Clark is entitled to credit against his 360-day sentence for the 61 days served. Accordingly, we find that the trial court did not err in correcting the sentence and that the corrected sentence pronounced and entered on June 12, 2008, is a valid and correct sentence.

Excessive Sentence.
Clark argues that his sentence is excessive because the trial court wrongfully emphasized the nature and circumstance of the crime while neglecting the individual characteristics of Clark. In this regard, Clark cites educational difficulties, his difficulty in reading and comprehension, his diagnosis of oppositional defiant disorder, his previous admission to the LRC for medical treatment, and his depression. On the other hand, the State points us to the significant benefit to Clark from a plea agreement that amended his original charge from a Class IIIA felony, as well as forgoing a number of additional charges stemming from this incident. The State also directs us to Clark's substantial history of criminal behavior, both before his arrest for the instant offense as well as convictions for carrying a concealed weapon and possession of drug paraphernalia thereafter, and the fact that when he was sentenced, he was awaiting trial on charges for third degree domestic assault, refusing to comply with a police officer's directive, and operating a motor vehicle without an operator's license. In summary, Clark's criminal behavior is substantial, the presentence investigation assessment showed him to be at a high risk to reoffend, and he received an extremely favorable plea bargain. The trial court's sentence is not excessive.

CONCLUSION
Clark's assignments of error are without merit, and therefore we affirm.
AFFIRMED.
IRWIN, Judge, dissenting.
I dissent from the majority's conclusion affirming the trial judge's procedure in sentencing Clark. That procedure entailed first sentencing Clark and allowing Clark to leave the courtroom a "free man." Then the trial judge somehow "arranged" days later for counsel and Clark to appear in court before him again. The judge told Clark that he had "inadvertently" sentenced him before. A month after this, the trial judge imposed a different sentence resulting in Clark's being sentenced to incarceration.
The trial court elucidates its procedure by explaining that no written order of sentence or commitment ever issued and that the fixing of credit for time served is not part of the sentence imposed and can be corrected. The majority expounds on this procedure by characterizing it as an invalid sentence. I disagree and find that the trial court's procedure was incorrect and that this issue should have been presented to an appellate court for correction, if such correction is warranted.
The trial court's misstatement concerning the amount of time previously served is *71 a factual mistake which did not create an invalid sentence. Additionally, I dissent from the majority's decision that the trial court had the authority to modify the sentence to reflect the actual amount of time previously served. The sentencing case law does not support the majority's conclusion. As such, even if the sentence was invalid, a conclusion I do not agree with, the trial court did not have the power to change the sentence and impose a new one.

Mistake of Fact Versus Mistake of Law Valid or Invalid Sentence in Context of Nebraska Sentencing Jurisprudence.
The first issue presented is whether the trial court's original sentence which mistakenly provided Clark with credit for 361 days of previous time served rendered the sentence invalid. The majority concludes that the sentence was partially invalid. Specifically, the majority writes, "Clark was indisputably entitled to only 61 days of credit, but in all other respects, his sentence was valid for the crime to which he pled." I do not agree with the characterization of the sentence as "partially invalid."
The Nebraska Supreme Court has long held that a sentence is invalid when a sentencing court lacks statutory authority to impose the sentence. See State v. Wilcox, 239 Neb. 882, 479 N.W.2d 134 (1992). Stated another way, a sentence is invalid when the sentencing court makes a mistake of law in the imposition of a sentence. The trial court did not make a mistake of law in sentencing Clark. Rather, the court misstated the amount of time Clark had previously served. This misstatement is a mistake of fact, not a mistake of law.
The majority cites to numerous cases where a sentence was found to be invalid. In each of these cases, the sentencing court made a mistake in applying the relevant law.
For example, in State v. Shelby, 194 Neb. 445, 447, 232 N.W.2d 23, 24 (1975), the Nebraska Supreme Court found a sentence to be "unauthorized, not provided for by statute, and either erroneous or void" when the district court sentenced the defendant to the security section of the Lincoln Regional Center for such time as was necessary to be determined by the director. The Supreme Court held that the district court lacked the authority to impose such a sentence, because there was no statutory provision "for treatment or confinement of the defendant in the Lincoln Regional Center under the discretion of the director." Id. at 446, 232 N.W.2d at 24.
Most of the cases cited by the majority involve situations where the trial court imposed a sentence that was not authorized by the permissible statutory penalty for the crime.
In State v. Blankenship, 195 Neb. 329, 237 N.W.2d 868 (1976), a jury found the defendant guilty of second degree murder. The district court subsequently sentenced the defendant to "an indeterminate period of not less than 25 years nor more than 30 years." Id. at 330, 237 N.W.2d at 869. On appeal, the Supreme Court held that this sentence was clearly erroneous and invalid because under the currently existing statutes, a trial court was not authorized to sentence a defendant to an indeterminate sentence for a conviction of second degree murder.
In State v. Wilcox, supra, the district court sentenced the defendant to 6 months' imprisonment upon his conviction for first degree assault. On appeal, the State argued that the sentence was invalid because it was for a term less than the statutory minimum. The Supreme Court noted that first degree assault is a Class III felony, punishable by imprisonment from 1 to 20 *72 years. The court then held that the sentence was invalid because the district court lacked statutory authority to impose less than 1 year's imprisonment for a conviction of first degree assault.
In State v. Wayt, 13 Neb.App. 759, 701 N.W.2d 841 (2005), this court found a sentence to be partially invalid when the minimum term of an indeterminate sentence exceeded the minimum term permitted by law.
In contrast to the cases cited by the majority, the original sentence imposed by the trial court in this case is clearly within the statutory limits. The majority implicitly concludes that the trial court made a mistake of law when it incorrectly stated the amount of time Clark had previously served. The majority states, "[C]learly the court is not empowered to award more credit for time served prior to sentencing than was actually served."
While the trial court clearly erred in determining that Clark had previously served 361 days in jail, there is no authority to support the proposition that such an error is a mistake of law, rather than a mere misstatement or a mistake of fact.
Pursuant to Neb.Rev.Stat. § 47-503 (Reissue 2004), a court must separately determine the amount of time previously served and grant the requisite amount of credit for that time served as a part of the sentence. Section 47-503 provides in pertinent part:
(1) Credit against a jail term shall be given to any person sentenced to a city or county jail for time spent in jail as a result of the criminal charge for which the jail term is imposed or as a result of conduct upon which such charge is based. . . .
(2) Credit to any person sentenced to a city or county jail who is eligible for credit pursuant to subsection (1) of this section shall be set forth as part of the sentence at the time such sentence is imposed.
Here, the court adhered to the requirements of the statute. The trial court did determine the amount of time Clark had previously served and did set forth the amount of credit as a part of its sentence, as is required by § 47-503. However, the court incorrectly stated the time Clark had already served. The majority does not explain how such a misstatement rises to the level of a mistake of law, nor does it provide authority supporting the notion that a mistake of fact in sentencing affects the validity of a sentence.
There is no support for the majority's conclusion that the original sentence imposed by the trial court was invalid because the trial court misstated the amount of time previously served. Based on the case law in this area and the specific circumstances of this case, the court's error was clearly a mistake of fact and the sentence was valid.

Trial Court's Authority to Change Original Sentence After Defendant Has Left Courthouse.
The trial court did not have the authority to correct its mistake of fact. The trial court's mistake in stating the amount of time previously served amounts to an inadvertent mispronouncement of a sentence. A trial court lacks authority to correct or amend such a mispronouncement in its sentencing order after the defendant leaves the courtroom. See State v. Schnabel, 260 Neb. 618, 618 N.W.2d 699 (2000). Because Clark left not only the courtroom, but in fact left the courthouse, and days passed before the court arranged for Clark to be brought back, the court did not have the authority to later correct Clark's sentence to reflect the actual amount of time Clark had previously served. The original sentence should be reinstated.
*73 I write further to address the majority's reliance on State v. Wayt, 13 Neb.App. 759, 701 N.W.2d 841 (2005), to support its ultimate conclusion that a partially invalid sentence can be modified or revised by a trial court after a defendant has left the courtroom. I believe State v. Wayt to be incorrectly decided and an inaccurate statement of the controlling law in this area. Accordingly, I believe that even if the original sentence in this case was "partially invalid," the trial court did not have the authority to alter or revise that sentence in any way.
In State v. Wayt, the defendant was convicted of a Class IV felony. Subsequently, the district court sentenced the defendant to 2 to 4 years' imprisonment. At that time, the minimum term of a Class IV felony indeterminate sentence could not exceed one-third of the maximum term allowed by law; that is, the minimum term for a Class IV felony could not exceed 20 months' imprisonment. See Neb.Rev.Stat. § 29-2204(1)(a)(ii)(A) (Reissue 2008). After the sentencing hearing, the State and the defendant submitted a stipulation to the court advising it that the minimum sentence exceeded that prescribed by law. In response to the stipulation, the district court entered an order which was identical to the previous sentencing order in every respect except that it purported to change the length of the sentence to 15 months' to 4 years' imprisonment. On appeal, this court found the original sentencing order to be partially invalid.
The Wayt court discussed whether the trial court had the authority to alter a partially invalid sentencing order. As a part of this discussion, the court cited the Nebraska Supreme Court's holding in State v. McDermott, 200 Neb. 337, 263 N.W.2d 482 (1978).
In State v. McDermott, the trial court sentenced the defendant to "`6 months in jail, subject to review in 30 days.'" 200 Neb. at 338, 263 N.W.2d at 483. Upon appeal, the Supreme Court found that the original sentence pronounced by the trial court "was not a completely valid and authorized sentence." Id. at 339, 263 N.W.2d at 484. The court found that the language, "`subject to review in 30 days by the Court,'" was unauthorized and that the sentence as pronounced was therefore partially valid and partially invalid or erroneous. Id. The court went on to state:
The essential part of a sentence is the punishment, including the kind and the amount. . . . The addition of a provision for subsequent review is surplusage. Where a portion of a sentence is valid and a portion is invalid or erroneous, the court has authority to modify or revise the sentence by removing the invalid or erroneous portion of the sentence if the remaining portion of the sentence constitutes a complete valid sentence.
Id. Essentially, the McDermott court held that a trial court can modify or revise a sentence by removing any "surplusage" that is invalid or erroneous, as long as the remaining portion of the sentence is, by itself, a complete valid sentence.
The circumstances in the Supreme Court's State v. McDermott are distinguishable from the circumstances in the Court of Appeal's State v. Wayt, 13 Neb. App. 759, 701 N.W.2d 841 (2005). In State v. McDermott, the lower court altered a sentencing order by completely removing an invalid portion, the surplusage, of the order. The remaining portion of the sentencing order remained in place. The court did not alter the sentence in any other manner. In contrast, in State v. Wayt, the trial court did not merely remove an invalid portion of the sentence, but, rather, modified the sentence by changing the minimum term of the indeterminate *74 sentence. The trial court changed the essential part of the sentencing order by altering the length of the defendant's sentence. The trial court did not remove mere "surplusage," as in State v. McDermott.
Despite this important distinction between State v. McDermott and State v. Wayt, the Wayt court relied solely on the Supreme Court's decision in State v. McDermott when it held that a trial court was empowered to correct a sentencing order by altering the minimum term of an indeterminate sentence to fit within the statutory limits. The Wayt court did not discuss the difference in the facts of State v. McDermott, nor did the court specifically state that it was extending the ruling in State v. McDermott to permit such a revision or alteration of a partially invalid sentence. Rather, it seems that the Wayt court misconstrued the Supreme Court's narrow holding in State v. McDermott. The holding in State v. McDermott permits a partially invalid sentence to be altered only by removing invalid "surplusage," as long as the remaining sentence is a complete valid sentence.
State v. Wayt contains no authority, other than State v. McDermott, for a trial court's removal of and replacement to an invalid or erroneous portion of a sentence. Accordingly, I do not believe the holding in State v. Wayt to be an accurate statement of the controlling law as laid out by the Supreme Court in State v. McDermott. A trial court does not have the authority to modify an invalid portion of a sentence by revising, changing, or amending the terms of the sentence.
The majority herein relies exclusively on the holding in State v. Wayt to support its conclusion that the trial court herein had the authority to revise the original sentence to accurately reflect the amount of time previously served. Because State v. Wayt was incorrectly decided, the majority's reliance on this case is misplaced. Therefore, even if the original sentence in this case was partially invalid, the trial court did not have the authority to alter the sentence to reflect the correct amount of time previously served.
Ultimately, the original sentence in this case contained a mistake of fact. The trial court mistakenly found that Clark was entitled to 361 days of time served when, in fact, Clark was entitled to only 61 days of time served. Because such a mistake of fact constitutes an inadvertent mispronouncement of the sentence, the trial court did not have the authority to revise, modify, or correct the sentence after Clark left the courtroom. Moreover, even if the court's mistake invalidated the sentence, the majority's reliance on State v. Wayt to support its conclusion that the court could modify the sentence by correcting the amount of time previously served is misplaced. This court's decision in State v. Wayt incorrectly interpreted the Supreme Court's decision in State v. McDermott and does not accurately reflect the state of the law. As such, we should reverse the judgment and remand the matter to the trial court with instructions to reinstate the original sentence.
If allowed to stand, the majority opinion adds to the plethora of permutations of problems that plague the pronouncements of punishments in Nebraska jurisprudence.