278 Neb. 557
STATE OF NEBRASKA, APPELLEE,
v.
KENNETH W. CLARK, APPELLANT.
No. S-08-735.
Supreme Court of Nebraska.
Filed September 18, 2009.
Dennis R. Keefe, Lancaster County Public Defender, Webb E. Bancroft, and Yohance L. Christie, Senior Certified Law Student, for appellant.
Jon Bruning, Attorney General, and Stacy M. Foust for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, AND MILLER-LERMAN, JJ.
McCORMACK, J.

NATURE OF CASE
The issue in this case is whether the pronouncement of a sentence of imprisonment giving an offender more credit for time served than he actually served can be corrected by the sentencing court to give the offender the appropriate amount of credit. On May 19, 2008, the district court attempted to sentence Kenneth W. Clark to 360 days in jail but incorrectly credited Clark with 361 days' time served. On June 12, the court entered a written sentencing order granting Clark credit for 61 days' time served, the amount of time actually served and reflected by the record. Clark appealed, and the Nebraska Court of Appeals affirmed. We granted Clark's petition for further review. For different reasons, we affirm.

BACKGROUND
Clark was initially charged with third degree sexual assault of a child. Clark pleaded not guilty. The State then filed an amended information charging Clark with third degree sexual assault, a Class I misdemeanor. Clark changed his plea to no contest, and the court found him guilty.
On May 19, 2008, the court held a sentencing hearing. At the sentencing hearing, Clark's counsel made comments regarding Clark's impending sentence, including asking the court to consider the fact that Clark had served 61 days in jail. The court then sentenced Clark to 360 days in jail, but mistakenly gave him credit for 361 days of time served. Specifically, the court stated to Clark, "So it will be the order of the Court [that] you be sentenced to a period of 360 days in the Lancaster County Jail, that you pay the costs of prosecution. You will be given credit for 361 days already served." Neither party objected to or raised any issue regarding the court's pronouncement. Court was immediately adjourned, and Clark left the courtroom. The court made a computer entry in the courtroom, which stated, "Order of sentence in file. (360 days jail) (GILTY CT)," but no formal sentencing order was prepared and signed by the judge, and no commitment order was issued. Later, after Clark left the courtroom, it came to the court's attention that Clark was given more credit for time served than he actually had served.
On May 20, 2008, the court issued a written order requesting that Clark appear on May 21, 2008. The order stated,
Because of certain irregularities in the terms of the sentence, it is ordered that [Clark] appear in this court in [sic] May 21, 2008 at 9:30 a.m.
Because no written order of sentence was prepared and signed by the court, the journal entry dated May 19, 2008 stating that an order of sentence is in the file is incorrect.
The matter was continued until June 12 to give counsel an opportunity to submit legal authority to the court on whether the court could resentence Clark.
At the June 12, 2008, hearing, the court again pronounced a sentence against Clark. The court stated, "So it will be the order of the Court that . . . Clark, unfortunately for him or maybe it will turn out okay, will be sentenced to the 360 days in the Lancaster County Jail. He'll be given credit for the 61 days already served." After the hearing, the court entered a written order, dated June 12, 2008, sentencing Clark to a term of 360 days' imprisonment and granting him 61 days' credit for time served.
In its written order, the court posed the issue in this case as whether the credit for time served is part of the "sentence" imposed by the court. The court stated:
Often, the formal order of sentence refers merely to "credit for time served" without specifying the exact number of days. It is obvious in this case that "361 days credit" was a mistake. The presentence investigation showed 61 days credit due and counsel for Clark referred to 61 days in his comments during the proceeding. Further, no written order of sentence or commitment was ever issued by the court. . . .
Therefore, this court concludes that because [there is] no written notation or order concerning the credit for time served, there is no "sentence." Further, this court finds that the fixing of credit for time served is not a part of the "sentence imposed" and could be corrected even if a written order of sentence had been entered showing the 361 days credit.
Clark appealed. The district court delayed execution of the sentence pending this appeal.
On appeal to the Court of Appeals, Clark assigned that the district court erred in modifying his sentence to reflect the actual number of days served in jail and that the district court's modified sentence was excessive and an abuse of discretion. The Court of Appeals held that the district court had authority to modify and revise Clark's sentence by removing the erroneous portion, making the proper finding of previous time served, and giving Clark credit for such time served by making the appropriate correction.[1]

ASSIGNMENT OF ERROR
Clark argues that the Court of Appeals erred in holding that the district court had jurisdiction to modify a lawfully imposed and final sentence pronounced by the court.

STANDARD OF REVIEW
[1] Subject matter jurisdiction is a question of law for the court, which requires an appellate court to reach a conclusion independent of the lower court's decision.[2]

ANALYSIS
Clark argues that the sentence pronounced by the district court on May 19, 2008, was a valid sentence because it was within the statutory limits and that thus, the district court erred when it "corrected" the sentence on June 12. The Court of Appeals concluded that the district court had the authority to correct its sentence. For slightly different reasons, we agree with that conclusion. We find that the sentencing pronouncement on May 19 was partially erroneous and that the district court had authority to correct the erroneous portion.
[2-4] We have said that a sentence validly imposed takes effect from the time it is pronounced.[3] And when a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed.[4] But it is possible, in limited circumstances, to correct an inadvertent mispronouncement of a valid sentence.[5] These circumstances are limited to those instances in which it is clear that the defendant has not yet left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended; and no written notation of the inadvertently mispronounced sentence was made in the records of the court.[6] This rule is meant to prevent this court from attempting to "`read the mind of the sentencing judge'" in cases where an entirely valid sentence has been pronounced and later amended due to the judge's proclaimed inadvertence.[7]
[5,6] We have explained that pursuant to Neb. Rev. Stat. § 47-503 (Reissue 2004), a sentencing court is required to separately determine, state, and grant credit for time served.[8] The statute is intended to ensure that defendants receive all the credit against their sentence of imprisonment at the time of sentencing to which they are entitledno less, and no more.[9] We explained in State v. Torres[10] that pursuant to § 47-503, credit for time served shall be set forth as part of the sentence at the time the sentence is imposed.[11] But we have not previously addressed whether an error in announcing the credit for time served is subject to correction after the sentence is imposed. We conclude that the statement that credit for time served should be set forth as "part of the sentence" simply refers to credit being given in the sentencing order or at the sentencing hearing, and does not incorporate credit for time served into the sentence such that, under State v. Schnabel,[12] the amount of credit given cannot be modified, amended, or revised after the sentence is put into execution.
[7-9] And the credit for time served to which a defendant is entitled is an absolute and objective number that is established by the record. Therefore, the exact credit for time served to which a defendant is entitled is objective and not discretionary. The court has no discretion to grant the defendant more or less credit than is established by the record.[13] Thus, when a court grants a defendant more or less credit for time served than the defendant actually served, that portion of the pronouncement of sentence is erroneous and may be corrected to reflect the accurate amount of credit as verified objectively by the record.
Under the facts presented here, we do not have to "read the mind of the sentencing judge,"[14] because the judge was without discretion to award Clark more credit for time served than he actually served. The only available credit the court was authorized to grant Clark was 61 days, which was reflected by the record.[15] To the extent that the court gave Clark more credit for time served than he actually served, that portion of the May 19, 2008, sentencing pronouncement was unauthorized under law and erroneous.[16] Accordingly, we conclude that the district court had authority to correct the erroneous portion of its sentencing pronouncement by giving Clark the accurate amount of credit for time served as reflected by the record.
We note that our holding in this case is limited to those instances in which a sentencing court has made an error in pronouncing sentence that can be objectively corrected, and is not intended to afford the sentencing court the opportunity to reconsider its original pronounced sentence.[17]

CONCLUSION
In sum, we conclude that to the extent the May 19, 2008, sentencing pronouncement gave Clark more credit for time served than reflected by the record, it was erroneous. The district court thus had authority to correct the error in its June 12 written sentencing order to reflect the correct number of days of credit for time served, and the Court of Appeals did not err in affirming the order of the district court.
Affirmed.
NOTES
[1] State v. Clark, 17 Neb. App. 361, 762 N.W.2d 64 (2009).
[2] Gilbert & Martha Hitchcock Found. v. Kountze, 275 Neb. 978, 751 N.W.2d 129 (2008).
[3] State v. Schnabel, 260 Neb. 618, 618 N.W.2d 699 (2000).
[4] State v. Marrs, 272 Neb. 573, 723 N.W.2d 499 (2006); State v. Schnabel, supra note 3.
[5] See, State v. Schnabel, supra note 3; State v. Foster, 239 Neb. 598, 476 N.W.2d 923 (1991).
[6] Id.
[7] State v. Foster, supra note 5, 239 Neb. at 601, 476 N.W.2d at 925.
[8] See, State v. Torres, 256 Neb. 380, 590 N.W.2d 184 (1999); State v. Esquivel, 244 Neb. 308, 505 N.W.2d 736 (1993).
[9] See, State v. Gass, 269 Neb. 834, 697 N.W.2d 245 (2005); State v. Banes, 268 Neb. 805, 688 N.W.2d 594 (2004).
[10] State v. Torres, supra note 8.
[11] See, also, State v. Esquivel, supra note 8.
[12] State v. Schnabel, supra note 3.
[13] See § 47-503.
[14] See State v. Foster, supra note 5.
[15] See State v. Banes, supra note 9.
[16] See State v. Sorenson, 247 Neb. 567, 529 N.W.2d 42 (1995).
[17] See State v. Schnabel, supra note 3.