Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/26/2020 09:07 AM CDT

- 410 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

Kevin P. Pearce and Julie Pearce, appellants, v.
Mutual of Omaha Insurance Company
and Continuum Worldwide
Corp., appellees.

___ N.W.2d ___

Filed May 19, 2020.    No. A-19-868.

1. **Judgments: Final Orders: Legislature.** The Legislature has defined
   a judgment as the final determination of the rights of the parties in an
   action; conversely, every direction of a court or judge, made or entered
   in writing and not included in a judgment, is an order.
2. **Rules of the Supreme Court: Records: Appeal and Error.** Appellate
   court rules provide for the inclusion of journal entries into the appel-
   late record.
3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court
   to acquire jurisdiction of an appeal, there must be a judgment, decree, or
   final order entered by the court from which the appeal is timely taken,
   and that judgment, decree, or final order must contain the clerk of the
   court's file stamp and date.
4. **Final Orders: Appeal and Error.** An unsigned journal entry without
   a file stamp can constitute an interlocutory order; but it cannot consti-
   tute a final, appealable order, particularly when it does not dispose of
   all issues.
5. **Jurisdiction: Records: Proof: Appeal and Error.** It is the appellant's
   burden to ensure that the record establishes the appellate court's basis
   for jurisdiction over an appeal.

Appeal from the District Court for Douglas County: Thomas
A. Otepka, Judge. Appeal dismissed.

Benjamin E. Maxell, of Govier, Katskee, Suing & Maxell,
P.C., L.L.O., for appellants.

- 411 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

Richard P. Jeffries, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellees.

Riedmann, Bishop, and Arterburn, Judges.

Bishop, Judge.

Kevin P. Pearce and Julie Pearce attempt to appeal for the third time from two underlying orders entered by the Douglas County District Court on October 16, 2018, and May 23, 2019. Appellees, Mutual of Omaha Insurance Company (Mutual of Omaha) and Continuum Worldwide Corp. (Continuum), have filed a motion for summary dismissal on the basis that the Pearces' appeal is now untimely. We agree the appeal is untimely, and we therefore sustain appellees' motion for summary dismissal and dismiss the appeal for lack of jurisdiction.

Ordinarily, a summary dismissal by this court is limited to a brief docket entry filed in the case. However, given the confusion apparent in this case with regard to orders memorialized on docket sheets, i.e., journal entries; final judgments; and adequate appellate records, a detailed explanation is warranted.

## BACKGROUND

### Underlying Orders Entered October 16, 2018, and May 23, 2019

Kevin was an insurance agent for appellees; he rented office space from Mutual of Omaha where he kept personal computers which contained business and personal information. Kevin's contract with appellees was terminated without warning on January 17, 2014. Kevin was escorted from his office, and he subsequently filed an action for the return of his property. Appellees filed a counterclaim seeking damages for breach of contract and misappropriation of trade secrets, along with an injunction against Kevin's possession or use of appellees' proprietary material. Appellees filed a motion for summary judgment; the following sequence of events then took place:

• October 16, 2018: The district court entered an order sustaining appellees' summary judgment motion, thus dismissing the Pearces' action with prejudice. The order was silent as to appellees' counterclaim, but the last sentence of the order stated that "[a]ny request for relief by any party not specifically granted by this Order is denied."
• October 24, 2018: Mutual of Omaha filed a "Motion to Alter or Amend," noting that the October 16 order did not address its counterclaim for an injunction (and also noted that Continuum was previously dismissed from the action).
• October 26, 2018: The Pearces filed a "Motion to Alter or Amend" the October 16 order for various reasons.
• November 30, 2018: There are three pages of "Judges Notes"; each page indicates the case name at the top of the page, followed by specific dates and docket entries. The judge's name is listed for each entry. The docket entry for "11/30/2018" noted attorney appearances, and then it stated, "Hearing on Defendant's [Mutual of Omaha's] Motion to Alter or Amend. Argument. Motion Sustained. Order to be submitted. Hearing on Plaintiff's [Pearces'] Motion to Alter or Amend. Argument. Motion Denied."
• December 13, 2018: An "Order on [Mutual of Omaha's] Motion to Alter or Amend" sustained Mutual of Omaha's motion to alter or amend and explained that the October 16 summary judgment order did not dispose of Mutual of Omaha's counterclaim, the temporary restraining order remained in effect until further order, and the October 16 order was not intended to be a final order or judgment by the court.
• May 23, 2019: The district court indicated in its "Permanent Injunction and Judgment" that there was a trial on appellees' action for a permanent injunction. The injunction was granted.

First Appeal: A-19-603
Filed June 21, 2019

The Pearces filed a notice of appeal on June 21, 2019. Although neither party raised a jurisdictional issue, this court

- 413 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

on its own motion issued an order to show cause noting that the matter was under jurisdictional review. The show cause order pointed out that the district court "clerk's certificate indicates that a motion or motions to alter or amend judgment" had been filed on October 24, 2018. Because neither the motions nor orders were included in our transcript, the Pearces were ordered to provide this court copies of any motion to alter or amend judgment, along with the district court's subsequent ruling on the motion or motions. In response, the Pearces filed a supplemental transcript which contained the motions to alter or amend filed by the Pearces and Mutual of Omaha, as well as the December 13 order pertaining solely to Mutual of Omaha's motion to alter or amend as noted above. However, the Pearces did not include in the supplemental transcript a copy of the November 30 docket entry contained in the Judges Notes which memorialized the district court's denial of the Pearces' motion to alter or amend following a hearing. We note here that our appellate court rules provide for inclusion of such records in the transcript. See Neb. Ct. R. App. P. § 2-104(B) (journal entries may be typed as group and included at end of transcript). See, also, Neb. Rev. Stat. § 25-914 (Reissue 2016) ("[e]very direction of a court or judge, made or entered in writing and not included in a judgment, is an order").

Because the Pearces failed to provide any documentation to establish that their motion to alter or amend had been ruled upon by the district court on November 30, 2018, this court dismissed their first appeal on July 25, 2019. This court's docket entry dismissing the appeal stated, "District Court has not yet ruled upon [the Pearces'] motion to alter or amend."

At this point, the Pearces could have requested a rehearing and could have provided to this court through a supplemental transcript a copy of the November 30, 2018, docket entry in the Judges Notes reflecting the district court's denial of the Pearces' motion to alter or amend. However, the Pearces did not do so. As a result, their appeal was dismissed because the appellate record did not demonstrate that the Pearces'

- 414 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

October 26 motion to alter or amend had ever been ruled upon by the district court and their appeal appeared to be premature. See Neb. Rev. Stat. § 25-1912(3) (Cum. Supp. 2018) (timely motion to alter or amend judgment terminates time in which notice of appeal must be filed; when such terminating motion is filed, notice of appeal filed before court announces decision upon terminating motion shall have no effect and new notice of appeal must be filed after entry of order ruling on terminating motion).

SECOND APPEAL: A-19-764
FILED AUGUST 9, 2019

Following this court's dismissal of the Pearces' first appeal, instead of filing for rehearing or filing a petition for further review, the Pearces instead filed another notice of appeal on August 9, 2019. They again indicated that they sought review of the October 16, 2018, order (summary judgment) and the May 23, 2019, order (permanent injunction). This time, Mutual of Omaha's motion to alter or amend filed October 24, 2018, and the Pearces' motion to alter or amend filed October 26 were included in the transcript, along with the December 13 order which related only to Mutual of Omaha's motion. However, the Pearces had requested in their praecipe for transcript, "Any and all Judge's Notes throughout this proceeding." The transcript filed by the district court clerk did not contain the Judges Notes as requested by the Pearces. On August 21, 2019, this court issued an order to show cause, stating:

> A review of the current record fails to show that the Douglas County District Court ever ruled on [the Pearces'] motion to alter or amend the judgment. [The Pearces] are given 10 days from the date of this order to file a supplemental transcript with this court which contains a file stamped copy of the district court's order denying their motion to alter or amend the judgment. Failure to file such a supplemental transcript may result in the appeal being summarily dismissed . . . .

- 415 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

On August 23, 2019, the Pearces filed a "Response to Order to Show Cause." It stated that the district court judge "did not enter an Order on the [Pearces'] Motion to Alter or Amend filed on or about October 26, 2018[,]" but that the parties "met in chambers for hearing on the parties' competing Motions to Alter or Amend on November 30, 2018, where [the district court judge] denied [the Pearces'] Motion to Alter or Amend (see attached Exhibit 'A', Judges Notes dated 11/30/2018)." Exhibit A showed various filings, and at the end of the document, the Judges Notes contained the November 30, 2018, docket entry denying the Pearces' motion to alter or amend.

This court dismissed the second appeal on August 29, 2019, with a docket entry stating, "District court has not yet ruled upon [the Pearces'] motion to alter or amend." Although this was not quite accurate based on the November 30, 2018, docket entry now supplied to this court in response to the order to show cause, the Judges Notes were not provided to this court in a supplemental transcript. Regardless, even if the Judges Notes had been included in the initial transcript in this second appeal (as requested by the Pearces in their praecipe) or in a supplemental transcript in response to the order to show cause, the second appeal could not have been saved.

Because the second appeal was filed on August 9, 2019, and the district court's final judgment was entered on May 23, the appeal was now untimely. There was nothing in the record to show that the 30-day appeal time had been tolled. We acknowledge that this court's docket entry may have created some confusion by dismissing the second appeal on the basis that the "District court has not yet ruled upon [the Pearces'] motion to alter or amend." This likely led to the Pearces erroneously believing that the November 30, 2018, docket entry contained in the Judges Notes it had now provided to this court did not constitute an order disposing of their motion to alter or amend. As a result, the Pearces subsequently sought to have the district court enter a separate written and file-stamped order denying the Pearces' October 26 motion to alter or amend. The

- 416 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

district court proceeded to enter such an order on September 9, 2019 (signed September 6, file-stamped September 9). That order stated: "This matter came on for hearing on November 30, 2018, upon [the Pearces'] Motion to Alter or Amend. . . . IT IS THEREFORE ORDERED [the Pearces'] Motion to Alter or Amend is denied." The Pearces thereafter immediately filed their notice of appeal on September 9, 2019, in the present (third) appeal, A-19-868.

In response to the newly entered September 9, 2019, order denying the Pearces' October 26, 2018, motion to alter or amend, the appellees filed a "Motion to Vacate" the "September 6 [sic], 2019 Order purporting to deny, for the second time, the [Pearces'] Motion to Alter or Amend as of the same date." Appellees referred to the docket entry entered on November 30, 2018, in the Judges Notes, and pointed out that per appellate court rules, journal entries can be made part of the official transcript, but that the Pearces failed to do so when appealing to this court. Appellees submitted that the Pearces were trying to "make an otherwise untimely appeal viable," in that the Pearces' motion to alter or amend could not be denied twice. Appellees further claimed that the September 9, 2019, order was entered over appellees' objection without a motion and notice of hearing and that therefore, the order was the product of an ex parte communication and was prejudicial to appellees.

On September 24, 2019, the district court entered an order vacating the "September 6 [sic], 2019 Order." It took judicial notice of the Judges Notes from November 30, 2018, wherein the court had already denied the Pearces' motion to alter or amend and concluded that the September 9, 2019, order "purports to deny the Motion to Alter or Amend for the second time." The district court referred to § 25-914 (every direction of court or judge, made or entered in writing and not included in judgment, is order) and § 2-104(B)(2) with regard to the Judges Notes constituting a written order of the court which could have been transmitted to this court. The district court concluded that this court did not acquire jurisdiction as a

- 417 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

result of the September 9 order because it was an invalid order and that therefore, the district court determined it retained jurisdiction to vacate the September 9 order.

On September 30, 2019, the Pearces filed a "Motion to Enter Order." It set forth the sequence of events pertaining to its motion to alter or amend and stated that "to date, an Order on [the Pearces'] Motion to Alter or Amend has not been entered." They requested such an order. On October 8, the district court filed an "Order on Motion to Enter Order," which overruled the motion.

## Present (Third) Appeal: A-19-868
### Filed September 9, 2019

As noted above, the Pearces' filed their third notice of appeal in this action on September 9, 2019, the same day the district court's order was filed purporting to deny the Pearces' October 16, 2018, motion to alter or amend. As also noted, the September 9, 2019, order was subsequently vacated by the district court on September 24. Regardless of the filings and orders generated in the district court following this court's dismissal of the Pearces' second appeal, the Pearces' third appeal must nevertheless be summarily dismissed for lack of jurisdiction.

## ANALYSIS

### Appellees' Motion for Summary Dismissal

Appellees correctly assert that the September 9, 2019, notice of appeal was filed more than 30 days after the final judgment was entered in this case on May 23. They contend that this court is therefore deprived of jurisdiction and that the Pearces' third appeal should be dismissed. It is true that § 25-1912(1) provides that a notice of appeal shall be filed within 30 days of entry of a judgment, decree, or final order. However, pursuant to § 25-1912(3), the running of the time for filing a notice of appeal shall be terminated by a timely motion to alter or amend a judgment under Neb. Rev. Stat. § 25-1329 (Reissue

- 418 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

2016) (motion to alter or amend judgment shall be filed no later than 10 days after entry of judgment). In this case, both appellees and the Pearces filed timely motions to alter or amend the October 16, 2018, order, which appeared to be a final judgment at that time. Subsequently, according to the November 30 docket entry contained in the Judges Notes, a hearing appears to have taken place that day on both parties' motions to alter or amend; Mutual of Omaha's motion was sustained, and an order was to be submitted to the district court. The Pearces' motion was "Denied." An order was then entered on December 13, sustaining Mutual of Omaha's motion to alter or amend. The order explained that the October 16 summary judgment order did not dispose of Mutual of Omaha's counterclaim, the temporary restraining order remained in effect until further order, and the October 16 order was not intended to be a final order or judgment by the court.

The determinative issue for jurisdictional purposes comes down to whether or not the November 30, 2018, docket entry contained in the Judges Notes constitutes an order disposing of the Pearces' motion to alter or amend. If so, then by the time the final judgment of the court was entered on May 23, 2019, there were no pending motions to alter or amend which would have tolled the time to appeal beyond the 30 days provided for in § 25-1912.

## Did November 30, 2018, Docket
## Entry Constitute Order?

[1,2] The confusion in this case stemmed from the district court's November 30, 2018, docket entry/journal entry set forth in the Judges Notes, wherein the court denied the Pearces' October 26 motion to alter or amend. We conclude that although it was a docket entry and not a separate file-stamped document, the written entry made by the district court on November 30 denying the Pearces' motion to alter or amend was nevertheless an order disposing of the Pearces' motion. Section 25-914 states: "Every direction of a court or judge, made or entered in writing and not included in a

- 419 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

judgment, is an order." See, also, *E.D. v. Bellevue Pub. Sch. Dist.*, 299 Neb. 621, 909 N.W.2d 652 (2018) (Legislature has defined judgment as final determination of rights of parties in action; conversely, every direction of court or judge, made or entered in writing and not included in judgment, is order). Additionally, as previously noted, our appellate court rules provide for the inclusion of journal entries, such as the Judges Notes involved here, into the appellate record. See § 2-104(B)(2) ("[j]ournal entries may be typed as a group and included at the end of the transcript," and "[e]ach entry must show the date it was filed with the clerk of the court and the name of the judge making the entry"). In the Judges Notes before us, each docket entry showed the date it was filed and the name of the judge making the entry.

An order such as the one made by the district court in the Judges Notes on November 30, 2018, is distinguishable from a judgment, decree, or final order resolving a case, and from which an appeal can be taken. The November 30 written docket entry constituted an "order" disposing of the Pearces' motion even though it was not separately filed and did not contain a file stamp. The key distinction to be made on the necessity of a signed, file-stamped order is whether we are dealing with (1) an order that is not part of a judgment or (2) a judgment. Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2018) provides the requirements for a final order or judgment; it states in part:

> (1) A judgment is the final determination of the rights of the parties in an action.
>
> (2) Rendition of a judgment is the act of the court, or a judge thereof, in signing an order of the relief granted or denied in an action.
>
> (3) The entry of a judgment, decree, or final order occurs when the clerk of the court places the file stamp and date upon the judgment, decree, or final order. For purposes of determining the time for appeal, the date stamped on the judgment, decree, or final order shall be the date of entry.

- 420 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

(4) The clerk shall prepare and maintain the records of judgments, decrees, and final orders that are required by statute and rule of the Supreme Court.

[3,4] For an appellate court to acquire jurisdiction of an appeal, there must be a judgment, decree, or final order entered by the court from which the appeal is timely taken, and that judgment, decree, or final order must contain the clerk of the court's file stamp and date. See *id*. See, also, *City of Ashland v. Ashland Salvage*, 271 Neb. 362, 711 N.W.2d 861 (2006) (file-stamped journal entry disposed of whole merits of case and was final judgment for purposes of appeal); *Donscheski v. Donscheski*, 17 Neb. App. 807, 771 N.W.2d 213 (2009) (district court's order denying mother's motion for removal and change of custody and granting father's motion for custody was unsigned journal entry that was not file stamped and did not dispose of all issues; thus, journal entry did not constitute rendition or entry of judgment and was interlocutory order superseded by subsequent final order). In *Donscheski v. Donscheski*, 17 Neb. App. at 813, 771 N.W.2d at 219, this court pointed out the distinction between an order which is not part of a judgment and a final judgment:

Consequently, §§ 25-914 and 25-1301 specify the range of actions available to a judge by defining, first, an order—which, by definition, is not part of a judgment—and second, a judgment—which must be a final determination of the rights of the parties in an action, as well as being both rendered and entered, before it is a final, appealable order. . . . Because the July 31, 2008, journal entry was neither signed nor file stamped, it did not constitute either a rendition of judgment or an entry of judgment. Furthermore, the July 31 journal entry was also not a final order, because it did not dispose of all issues—the district court specifically left the issues of parenting time and child support under advisement. . . . [T]he journal entry is quite meaningless for our purposes; it is the final order of October 15 which

- 421 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

we review, and which superseded the interlocutory order contained in the journal entry.

Therefore, as set forth in *Donscheski v. Donscheski, supra*, an unsigned journal entry without a file stamp can constitute an interlocutory order; but it cannot constitute a final, appealable order, particularly when it does not dispose of all issues.

When the district court in the present matter made the November 30, 2018, docket entry contained in the Judges Notes, it was an order disposing of the Pearces' motion to alter or amend the October 16 order. It was not an order that was part of a final judgment; it did not fully dispose of the underlying case. However, once the May 23, 2019, final judgment was entered, all matters had been disposed of, and there were no pending terminating motions. Thus, this court would have had jurisdiction over the first appeal had the appellate record contained the November 30, 2018, docket entry.

For the sake of completeness, we want to be clear that had a motion for new trial or motion to alter or amend judgment been timely filed after the final judgment was entered in this case on May 23, 2019, then any order ruling on such a terminating motion would have to have been formally entered on the trial court's records, not merely recorded as a docket entry in the Judges Notes. This is so because the order on the terminating motion is part of the final judgment and now disposes of the whole action. See § 25-1912(3) (notice of appeal must be filed after "entry of the order" ruling on terminating motion). The "entry" of an order is governed by § 25-1301(3), which requires the clerk of the court to place a file stamp and date upon the judgment, decree, or final order. Section 25-1301(3) further provides: "For purposes of determining the time for appeal, the date stamped on the judgment, decree, or final order shall be the date of entry." An order ruling on a terminating motion timely filed after a final judgment or final order starts the 30-day clock for filing an appeal, and must be entered in accordance with § 25-1301.

On the other hand, a file-stamped "entry" of the November 30, 2018, order in this case, while maybe preferable, was

- 422 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PEARCE v. MUTUAL OF OMAHA INS. CO.
Cite as 28 Neb. App. 410

not required given its interlocutory status (October 16 order was not final judgment), much like the journal entry that was not signed or file stamped in *Donscheski v. Donscheski*, 17 Neb. App. 807, 771 N.W.2d 213 (2009). Such docket entries or journal entries are nevertheless orders of the court. See § 25-914 ("[e]very direction of a court or judge, made or entered in writing and not included in a judgment, is an order"). They are simply not final, appealable orders or judgments, which would require compliance with § 25-1301 (clerk of court's file stamp and date placed upon judgment, decree, or final order).

## Summary

[5] Accordingly, when the Pearces filed their first appeal (A-19-603) on June 21, 2019, it was timely filed from the entry of the May 23 final judgment. There were no newly filed motions to alter or amend after entry of that judgment. All that was needed at the time of the first appeal was an appellate record containing the November 30, 2018, order, which was memorialized in the Judges Notes; this would have confirmed there were no outstanding motions to alter or amend remaining from the October 2018 filings. Despite the order to show cause issued by this court, the Judges Notes were not supplied and the Pearces' first appeal was dismissed. This was unfortunate; however, it is the appellant's burden to ensure that the record establishes the appellate court's basis for jurisdiction over an appeal. See *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017).

Following the dismissal of the first appeal, the subsequent appeals were each filed out of time because there were no remaining terminating motions extending the Pearces' time to appeal.

## CONCLUSION

For the foregoing reasons, appellees' motion for summary dismissal is sustained and the appeal is dismissed for lack of jurisdiction.

Appeal dismissed.